CASE 89—PETITION ORDINARY—MAY 18.

# Board of Education of the City of Covington v. The General Council of the City of Covington, Etc.

APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—MANDAMUS—PLEADING.—In an action against the general council of a city for a writ of mandamus to compel the levy of a tax for school purposes, the petition must not only allege the approximate amount of money necessary to be raised for school purposes, as fixed by the board of education under the provisions of section 3219 of the Kentucky Statutes, but must also allege the amount of taxable property in the city.

2. SAME.—Under the provisions of section 3219 requiring the board

of education annually to approximately ascertain the amount of money necessary to be used for school purposes, and requiring the general council, at the request of the board, to levy and collect such tax as may be requested, it is not the province of the board of education to prescribe the exact rate of such taxation; and the courts will not by mandamus, or otherwise, compel the general council to fix any given rate of taxation, or to increase a rate already fixed by it, unless it is made manifest that it has failed, and perversely refuses, to fix such rate as will raise the necessary amount.

W. A. BYRNE FOR APPELLANT.

1. Under the only fair and reasonable construction of the statute (section 3219), the general council has no choice but to levy the rate asked by the board of education, so that the same does not exceed in any one year thirty-five cents on each one hundred dollars' of property; if the matter was intended to be left to the discretion of the general council and it should make a levy not large enough for the needs of the board of education, the board could not make up the deficiency because it has no power to levy taxes.

W. McD. SHAW FOR APPELLEES.

1. While the general council is required by section 3219 to levy and collect as taxes such sum for school purposes as the board of education may request, it (the council), is the sole judge of what rate will be necessary to raise that sum.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By section 3219, Kentucky Statutes, the board of education of a city of the second class is required "annually in the month of January, to approximately ascertain the amount of money necessary to be used and defray the expenses of maintaining the schools, improving or constructing buildings, and so forth, thereof, and any liquidation of the liabilities during the current fiscal year, and report the same, together with the amount to be received from the

common school fund of the State of Kentucky (which amount the board shall ascertain by taking the census required by law) to the auditor, and thereupon the general council shall, at the request of said board, levy and collect such taxes as may be requested, and the money arising from said levy shall, under the direction and control of said board, be used for the benefit of the common schools, and for the purpose of paying off the indebtedness of said board: Provided, That said levy shall not in any one year exceed thirty-five cents on each $100 valuation, as returned by the board of equalization, on all taxable property in the city."

The board of education of Covington, a city of the second class, plaintiff below and now appellant, brought this action for a writ of mandamus, requiring the general council of said city to levy and collect for the benefit of the public schools taxes on the property thereof at the rate of thirty-five cents on each $100 valuation. But a general demurrer was sustained to the petition and amended petition, and we think properly so, for the following reasons:

1st. Although the approximate amount necessary to defray the expenses of maintaining schools in the city of Covington for the year 1898, after deducting amount to be received from the common school fund of the State, is set forth in the petition and amended petition, the amount of the taxable property in the city is not stated. Nor

2d. Is it alleged that appellee, the general council, failed when requested by appellant to levy and provide taxes at such rate as was deemed by it sufficient to raise the required amount.

The board of education is empowered to ascertain the amount necessary to be used for a given year, and it is the duty of the general council, when requested, to levy and collect such taxes as may be necessary. But it is not the province of the former to prescribe the exact rate of such taxation.

And the court will not intervene by mandamus or otherwise to compel the general council to fix any given rate of taxation, or to increase the rate already fixed by it, unless it is made manifest that the general council has failed, and perversely refuses, to fix such rate as will raise the necessary amount.

Judgment affirmed.