## Kash, et al. v. City of Jackson, et al.

(Decided June 16, 1914.)

### Appeal from Breathitt Circuit Court.

Municipal Corporations—Election by City of Sixth Class as to Incurring Indebtedness for Street Construction—What Notice of Must Contain.—Where the notice, given by the Board of Trustees of a Sixth Class town for the holding of an election, to determine whether it shall incur an indebtedness by the sale of bonds for street construction, fails to specify "the amount of money necessary to be raised annually by taxation for an interest and sinking fund," to discharge such indebtedness, such failure will invalidate the election.

JAMES H. POLSGROVE, KELLY KASH for appellants.

ADAMS & HOLLIDAY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellants, Oliver Kash and Kelly McGuire, residents and taxpayers of the city of Jackson, against the city, its mayor and council, to prevent by injunction the issuance and sale of $15,000.00 of bonds of the city of the denomination of $500.00 each, numbered from 1 to 30, inclusive; the first ten of the bonds, amounting in the aggregate to $5,000.00, to mature July 1, 1918, and two bonds of $500.00 each to mature on the first day of July of each succeeding year down to and including July 1, 1928, bearing interest at the rate of six per cent per annum, payable semi-annually on the first days of January and July of each year.

It appears from the averments of the petition that on the twenty-fifth day of October, 1911, the mayor and board of trustees of the city of Jackson passed an ordinance providing for the submission to the voters of the city of the question whether or not the indebtedness represented by these bonds should be incurred and the bonds issued and sold for the purpose of raising money with which to macadamize and otherwise improve certain streets of the city; and that as required by the ordinance and pursuant to the notice thereof, an election was held in the city of Jackson for the purpose indicated, at which 180 votes were cast in favor of and eight against incurring such indebtedness. The petition attacked the validity of the election and the right of the city to issue and sell the bonds upon the sole ground that the notice call-

ing the election failed to state "the amount of money necessary to be raised annually by taxation for the interest and to create a sinking fund to pay said indebtedness."

Appellees filed a general demurrer to the petition which the circuit court sustained, and, appellants declining to plead further, the court entered a judgment dismissing their petition; from which judgment this appeal is prosecuted.

The notice of election is in words and figures as follows:

"Notice is hereby given that at the regular November election, 1911, the question as to whether or not the town trustees for the town of Jackson, Kentucky, shall be authorized to issue bonds in the sum of fifteen thousand ($15,000.00) dollars for the purpose of raising money to macadamize Main street from a point near Adam Stacy's store house, College avenue from Court street to Jefferson street; Jail street from College avenue to Main street (alias River street) from Court street to Broadway street; Broadway street from College avenue to Bridge Hollow, Jefferson street from Main street from its intersection with Highland avenue, Highland avenue from its intersection with Jefferson street to the city limits, will be submitted to the voters of said town for their approval or rejection. This November 30, 1911."

It will be observed that the notice omits any mention of the amount of money necessary to be raised annually by taxation for the interest and to create a sinking fund to pay the indebtedness attempted to be incurred. Jackson is now a city of the fifth class, but at the time of holding the election in question it was a town of the sixth class and the validity of the election under consideration must be determined by the provisions of the charter appertaining to towns of the sixth class. Section 3705, Kentucky Statutes, provides with respect to towns of the sixth class:

"If at any time the board of trustees shall deem it necessary to incur any indebtedness, the payment of which cannot be met by the levy authorized by law, they shall give notice of an election, by the qualified electors of the town, to be held to determine whether such indebtedness shall be incurred. Such notice shall specify the amount of the indebtedness proposed to be incurred, the purpose or purposes of the same, and the amount of

money necessary to be raised annually by taxation for an interest and sinking fund as herein provided. Such notice shall be published for at least two weeks in some newspaper published in, or of general circulation in, such town or by posting written or printed notices at three or more public places in such town. If, upon a canvass of the votes cast at such election, it appears that two-thirds of all the qualified electors in such town shall have voted in favor of incurring such indebtedness it shall be the duty of the board of trustees to pass an ordinance providing for the mode of creating such indebtedness and of paying the same. And in such ordinances provision shall be made for the levy and collection of an annual tax upon all the real and personal property subject to taxation within such town, sufficient to pay the interest on such indebtedness as it falls due; and also to constitute a sinking fund for the payment of the principal thereof, within a period of not more than twenty years from the time of contracting the same. It shall be the duty of the board of trustees in each year thereafter, at the time at which other taxes are levied, to levy a tax sufficient for such purpose, in addition to the taxes by this chapter authorized to be levied. Such tax, when collected, shall be kept in the treasury as a separate fund, to be inviolably appropriated to the payment of the principal and interest of such indebtedness.''

Section 3637, Kentucky Statutes, applicable to cities of the fifth class, also provides, with respect to the notice required to be given of the holding of an election to determine whether an indebtedness, the payment of which cannot be met by the levy authorized by law, shall be incurred, that it shall specify the amount of money necessary to be raised annually by taxation for an interest and sinking fund to pay same.

The original ordinance passed by the board of trustees of Jackson, declaring the necessity for incurring the indebtedness, also declared that it would be necessary to raise annually by taxation $750.00 for paying the interest on the bonds and $750.00 for providing a sinking fund with which to retire them at maturity. In Inglehart v. City of Dawson Springs, 143 Ky., 140, and O'Brien v. City of Owensboro, 113 Ky., 680, it was held that the amount to be thus raised annually could as well be provided for by an ordinance passed subsequent to the election and before the issuance of the bonds as by the initial ordinance, but it was not made to appear in either of

these cases, nor has it appeared in any other decided by this court, that the notice of the election omitted to specify the amount necessary to be raised annually by taxation for an interest and sinking fund as provided by the sections of the Statute, *supra.* So the question involved in the instant case is presented for the first time in this jurisdiction for decision. In our opinion the provision of section 3705 Kentucky Statutes, declaring that the notice to be given by the board of trustees of a town of the sixth class of the holding of an election to determine whether an indebtedness shall be incurred, "shall specify * * * the amount of money necessary to be raised annually by taxation for an interest and sinking fund * * * " to discharge such indebtedness, is as mandatory as that of section 157, Constitution, which declares that: "No county, city, town or taxing district, or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. * * * "

The object of the Legislature in embracing in the statute the provision in question and others defining the duties of the board of trustees with respect to the calling and holding of an election to determine whether the indebtedness therein allowed shall be incurred, is to enable the voters of the municipality to understand in all its bearings the question upon which they are called to vote, and to safeguard their rights as taxpayers; therefore, there must be a substantial compliance upon the part of the municipal authorities with the requirements of the statute. The meaning of the statute is plain. It declares in express terms that the election notice "shall specify the amount of the indebtedness proposed to be incurred, the purpose or purposes of the same *and the amount to be raised annually by taxation for an interest and sinking fund, as herein provided.*" Each of the foregoing provisions being mandatory, the omission of any of them from the notice of election will render the election invalid.

For the reasons given the judgment is reversed and cause remanded, with directions to the circuit court to overrule the demurrer to the petition and perpetuate the injunction.