# Floyd County Fiscal Court, et al. v. Floyd County Board of Education.

(Decided May 11, 1917.)

## Appeal from Floyd Circuit Court.

1. Schools and School Districts—Board of Education—Powers and Functions in General.—In placing the control of the common schools of the county in the hands of a board of education, the legislature intended to make the board of education independent; and when the board of education reports to the fiscal court of the county its estimate of the amount of money required to meet the educational needs of the county for the ensuing year and demands that it make such a tax levy, within the limit prescribed by law, as will meet that end, the fiscal court will not be permitted to refuse to comply with the board's demand, unless it can satisfactorily show that the members of the board acted corruptly or in bad faith.

2. Schools and School Districts—Board of Education—Disposition of Revenue.—Where the board of education has in the hands of its treasurer a surplus of school moneys, left over from the tax levy of the previous year, after paying all expenses of maintaining the common schools of the county for the previous year; in making its estimate of the amount required for the educational needs of the county for the ensuing year, and making demand of the fiscal court for a tax levy to raise same, the board should report and be charged with such surplus, and the levy made by the fiscal court, fixed at such a rate as will raise an amount, which, together with the surplus in the hands of the board's treasurer, will realize the total fund required by the board's estimate for school purposes the ensuing year.

3. Schools and School Districts—Levy for School Purposes—Fiscal Court.—When, in making its demand of the fiscal court, the board of education does not furnish it an estimate of the amount which, in the judgment of the board, will be required for school purposes for the ensuing year, but merely demands a tax levy to the maximum limit allowed by law; the fiscal court will not be compelled by mandamus to make the levy at the maximum rate of taxation allowed by law, or at all.

4. Schools and School Districts—Erection of School Houses—Fiscal Court.—The board of education is authorized by law to determine when and where new school houses shall be erected, and when old ones are in need of repair; and when its discretion is exercised with respect to such matters, it is not the province of the fiscal court, in the absence of a showing of the abuse of such

discretion or fraud or corruption in its exercise, to question the action taken.

C. P. STEVENS for appellants.

B. M. JAMES and B. F. COMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Reversing.

This appeal is prosecuted by the Floyd county fiscal court from a judgment of the circuit court of that county awarding, at the suit of the Board of Education of the county, a writ of mandamus compelling it to amend the tax levy for school purposes made December 28, 1916, for the year 1917, by increasing such tax from 15 cents ad valorem and 25 cents on each poll, to 20 cents ad valorem and $1.00 on each poll.

It appears from the record that the Board of Education on the 20th of September, 1916, met and made the following order:

"Upon the call of the chairman the County Board of Education met in the office of Oma Preston (superintendent) at one p. m. on the 20th day of September, 1916, with the following members present: Sherman Nunery, G. W. Elliott, Dan Prater and Oma Preston. This being a quorum, the following business was transacted: Ordered—That we, in order to meet the expenses of building, repairing, seating and to meet the incidental expenses and other obligations of the County Board of Education for the coming year, (1917) ask the fiscal court of Floyd county to lay a levy for school purposes as follows: 20 cents on each one hundred dollars of assessed valuation of property in the county and a capitation tax of $1.00."

The following statement of the action thus taken was furnished the Floyd county fiscal court prior to its meeting of December 28, 1916:

"The County Board of Education of Floyd County, believing that there are so many school houses in various districts in such worn-out and run-down condition that it is impossible to continue the schools in some of them, we believe it necessary to erect and seat as many buildings as possible. In order to meet the expense of building, repairing, seating and to meet the incidental expenses and other obligations of the County Board of Education for the coming year, (1917) we ask that the fiscal court of Floyd county lay a levy for the coming year for

school purposes as follows:   20 cents on each one hundred dollars of assessed valuation of property   in   the county and a capitation tax of $1.00 (one dollar).

"Given under our hands, this September 20, 1916.

"Oma Elliott,
Chai. of County Board of Education.
"Sherman Nunery,
Secretary, County Board of Education."

Upon receiving .the above communication from the Board of Education, the fiscal court made a levy of 15 cents ad valorem and 25 cents poll tax instead of 20 cents ad valorem and $1.00 poll tax, as therein requested, which action led to the filing of the petition by the Board of Education praying the granting of the writ of mandamus to compel of the fiscal court compliance with its request.

The answer of the fiscal court justified its action in the matter of the levy upon the grounds that the written request to it from the board of education contained no estimate of the educational needs of the county for the year 1917, and failed to specify the amount necessary to supply same; and alleged that the board. of education then had, and now has, in the hands of its treasurer, after paying all the expenses of the common schools of the county for the year 1916, a surplus of more than $2,000.00, which surplus, together with the amount to be realized from the levy actually made by the fiscal court, would be amply sufficient to meet the educational needs of the county for the year 1917. The answer also denied the necessity for the erection of the number of school houses · the communication from the board of education stated would be required for the schools of the county, and, in substance, alleged that the erection of additional school houses would be unnecessary. The affirmative matter of the answer was controverted of record.

In making demand of the fiscal court for the levy of a tax for school purposes in Floyd county the board of education was attempting to proceed as authorized by section 4426a, sub-section 9, Kentucky Statutes, which provides:

"It shall be the further duty of the county board of education to estimate and lay before the fiscal court the educational needs of the county in accordance with such estimate, and said county (fiscal court) shall levy a tax for school purposes not to exceed twenty cents on each hundred dollars of assessed valuation of property in the

county, and a capitation tax not exceeding $1.00, and the sheriff shall then collect the tax as other state and county taxes are collected. . . . When the tax so levied shall have been collected by the sheriff of the county, he shall turn over to the county superintendent, who shall act as treasurer of the county board of education, the amount of money so levied and collected, and the county board shall expend the money so received in the building, improvement and equipment of school houses, for the purchase and condemnation of necessary real estate, for the payment of teachers, purchasing necessary supplies, and the extension of the school term in the various districts throughout the county, as in their judgment as a county board the needs of the individual schools for white and colored pupils demand. The county superintendent shall give special bond as may be approved by the county board. No fund shall be paid out except on the order of the county board, signed by the chairman and countersigned by the secretary."

It will be observed that the written communication from the board of education to the fiscal court contains no statement of the amount of money required to meet the educational needs of Floyd county for the year 1917. It is apparent from its language and that of the order or resolution of the board of education, passed at its meeting of September 20, 1916, that the board of education made no estimate of the amount required for the educational needs of the county for the year 1917, but assumed that the amount required therefor would equal whatever sum could be collected by a tax levy reaching the statutory limit, viz.: 20 cents on each hundred dollars of assessed valuation of property in the county, and a capitation tax not exceeding $1.00. We do not overlook the fact that in Board of Education v. Townsend, Mayor, et al., 140 Ky. 248; Fiscal Court of Logan Co. v. Board of Education, 138 Ky. 98, and other cases, we held that the legislature, in conferring on the county board of education control of the educational interests and needs of the county did not intend that either the county, a city or the courts should control them, but it meant to make the boards of education entirely independent and at the same time make it the duty of the fiscal court or city council to levy a tax sufficient to meet the board's demands, not to exceed the limit prescribed by law; but while this is true it was also held in those cases, and others as well, that it is the duty of the board of education before asking

the fiscal court or the council of a city for a levy for educational purposes to estimate the amount which, in the judgment of the board, may be required for that purpose; when this is done, the request, if within the prescribed limit, must be complied with by the fiscal court or city council.  Although empowered to make the estimate, the board of education cannot, by omitting the estimate, compel the fiscal court to make the levy.  This was expressly decided in Board of Education of Covington v. General Council of Covington, etc., 103 Ky. 634, in the opinion of which it is said:

"The board of education is empowered to ascertain the amount necessary to be used for a given year, and it is the duty of the general council when requested to levy and collect such taxes as may be necessary, but it is not the province of the former to prescribe the exact rate of such taxation."

We have also held that in making its estimate for the educational needs of the county, the board of education cannot be compelled to report a separate estimate of each item of expenditure expected to be made for educational purposes during the ensuing year.  But while this is true it is indispensably necessary that the demand from the board of education upon the fiscal court at least state the total or maximum of money required for the educational needs of the county.  Fiscal Court Logan Co. v. Fiscal Court, 138 Ky. 98.

Where, as in the instant case, no such estimate has been made by the board of education or reported to the fiscal court, its omission cannot be cured by a statement in such report that the educational needs of the county will require a levy by the fiscal court to the limit allowed by law.  On the other hand, if the amount of money required for the educational needs of the county is arrived at by a proper estimate on the part of the board of education, and named in its demand upon the fiscal court, the fiscal court, with its knowledge of the values at which all taxable property of the county is assessed for taxation, can understandingly make such a levy as will provide the amount required.  We are, therefore, of opinion that in the absence of an estimate by and from the board of education approximately showing the amount of money required for the educational needs of the county in the year 1917, the fiscal court had as great a right to assume that the levy made by it would produce  the  required amount as had the board of education to assume that it

would not. At any rate, the fact that it failed or refused to fix the levy at 20 cents on each hundred dollars of property assessed for taxation in the county, and $1.00 capitation tax, under the circumstances presented, gave no ground for the granting by the circuit court of the mandamus.

The circuit court properly excluded the evidence offered by the fiscal court for the purpose of showing that certain school houses erected by the board of education during the years 1915 and 1916 in the place of others were less valuable than the old ones; and that others proposed to be erected in 1917 are not needed.

The board of education is authorized by law to determine when and where new school houses shall be erected, and when old ones are in need of repair, and its discretion, when exercised with respect to such matters, it is not the province of the fiscal court to question, in the absence of a showing of the abuse of such discretion or fraud or corruption in its exercise. The court properly required the county school superintendent, on cross-examination, to state the amount of surplus left in her hands after defraying all expenses of the schools of the county for the year 1916, but erred in refusing to hold that the $2,000.00 of surplus she admitted she had, as treasurer of the school fund, should have been considered by the board of education in arriving at the amount of money required for county educational purposes in the year 1917, and which, if included in such estimate, might have lessened the amount required to be furnished by the county to such a sum as would be produced by the tax levy as made by the fiscal court. We have repeatedly held that the board of education has no right to demand that a levy shall be made for raising a greater amount than when added to other funds in the hands of the board available for educational purposes would amount to the total sum required by its estimate for the educational needs of the county. In other words, that the board of education is not authorized to omit from its estimate reported to the fiscal court money it may have in its treasury, though that money be a balance left over from the expenditures for school purposes made the previous year. Board of Council of the City of Winchester v. Board of Education, 171 Ky. 692; Board of Education of Newport v. City of Newport, 171 Ky. 234; Board of Education Newport v. City of Newport, 174 Ky. 28.

It follows from what has peen said that the Board of Education of Floyd county should have reported to the fiscal court of the county its estimate of the amount of money required for the educational needs of the county for the year 1917, less the surplus of $2,000.00 in the hands of its treasurer, before demanding of it the levy required to raise the fund to which it is entitled; and in the absence of such estimate, and of a refusal of the fiscal court to make the proper levy, the board was not entitled to the writ of mandamus granted by the circuit court.

For the reasons indicated, the judgment is reversed and cause remanded with direction to the circuit court to set aside the judgment and dismiss the petition.