## City of Providence v. Ruckman, et al.

(Decided June 23, 1922.)

### Appeal from Webster Circuit Court.

Municipal Corporations —Indebtedness —Elections —Bonds.—An election called and held under subsection 34 of section 3490, Ky. Statutes, to empower the board of council of a city of the fourth class to incur an indebtedness and issue bonds therefor in excess of the revenues for the year, is void unless the notice calling the election specifies the amount to be raised annually by taxation to meet the interest on the bonds and provide a sinking fund for their retirement at maturity; and the issuance of the bonds will be enjoined at the suit of residents and taxpayers of the city.

J. C. CANADY for appellants.

RAYBURN & WITHERS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action, instituted by three citizens and taxpayers of the city of Providence, a permanent injunction was sought and procured restraining the city officials from issuing or selling $75,000.00 of city bonds, and the defendants have appealed.

Providence is a city of the fourth class, and as the proposed indebtedness exceeded the income and revenue for the year, the board of council was without authority to incur the indebtedness unless empowered to do so by the electors of the city at an election called and held as provided in subsection 34 of section 3490 of the statutes.

Such an election was called and held, and the proposition as submitted carried by a majority largely in excess of the necessary two-thirds.

The validity of that election is attacked upon the sole ground that the notice calling same was not a substantial compliance with the provisions of the statute, *supra.* Among other things it is provided therein that, ''Such notice shall specify the amount of the indebtedness proposed to be incurred, the purpose or purposes of same, and the amount of money necessary to be raised annually by taxation for an interest and sinking fund, as herein provided.''

We have held that these provisions are mandatory and that unless there is a substantial compliance therewith the election will be invalid and the creation of any indebtedness thereunder will be enjoined at the suit of residents and taxpayers of the city. Kash, et al. v. City of Jackson, et al., 159 Ky. 523, 167 S. W. 676; City of Covington, ex Parte, 160 Ky. 146, 169 S. W. 718.

The only difference between the facts of those cases and this is that in them there was no mention whatever in the notice for the election of the amount of money necessary to be raised annually by taxation for interest and sinking fund purposes or that any levy would be made for such purposes, while in the notice in this case, which sufficiently specifies the amount of the indebtedness and the purpose of same, there is no mention of an amount to be raised annually but there is a provision for ''the levying and collection of an annual tax upon the real and personal property subject to tax within the city of Providence sufficient to provide' for the payment of interest on such indebtedness as it falls due and to constitute a sinking fund for the payment of the principal thereof, provided, however, that the total tax rate of the city of Providence for all purposes other than school purposes shall not exceed 75 cents on the $100.00 value of taxable property.''

Admitting that the notice does not comply literally with the requirements of the statute by stating the amount of taxes to be raised each year, it is earnestly insisted by counsel for the defendants it is a substantial compliance with this requirement under the principle of law which regards as certain that which is capable of being ascertained and definitely fixed.

The same argument was presented in support of the validity of the election in the case of City of Covington, ex Parte, *supra,* but this court declined to apply it to the facts of that case, where only the amount of the indebtedness to be incurred, the rate of interest to be paid upon the proposed bonds and the date of their maturity were given in the notice for the election.

The notice in this case, in addition to such information, notified the voters that an annual tax would be levied and collected on all property subject to taxation, sufficient to pay the interest on the indebtedness and to provide a sinking fund for the retirement of the bonds at maturity, but neither the amount that would be raised annually by taxation nor the rate of tax that would be levied for the purpose was specified, and in this case, just as in that, the voters were not informed by the notice of the amount that would be raised annually by taxation to meet the proposed indebtedness, and this notice did not give to the voters any better basis for ascertaining the amount of taxes to be raised each year than did the notice in the Covington case,·or the Jackson case.

That the voters were not informed or the council limited by this notice as to either the amount of money that would be raised by taxation each year or the rate of the levy that would be made for such purpose is made plain by the fact that only a limit was placed upon the total tax rate for all purposes, and that the constitutional limit, under which the council might for one year levy a 50 cent tax to meet its obligations under the proposed bond issue and 25 cents for all other purposes, and the next year reverse the rates, or change them in any way they deemed proper, and it was certainly the purpose of this statutory provision to prevent the possibility of the adoption by the council of any such haphazard way of taking care of such an indebtedness as this for which authority had to be obtained from the voters.

We are therefore forced to the conclusion that the notice for the election in this case was not a substantial compliance with the statute, and that therefore the council was without authority to incur the indebtedness and issue city bonds therefor.

The further contention that an ordinance adopted after the election cured the defective notice for the election, is so patently unsound as not to call for discussion.

This conclusion renders unnecessary the consideration of whether or not the city council had the power to sell bonds maturing at different dates during twenty years, or could sell only bonds maturing at the end of twenty years, when the notice specified twenty year bonds.

Wherefore the judgment is affirmed.