## Couch v. Commonwealth.

(Decided November 26, 1926.)

### Appeal from Clay Circuit Court.

1. Homicide.—In prosecution for manslaughter, defendant's motion for peremptory instruction at end of Commonwealth's case held properly overruled.

2. Homicide.—In prosecution for manslaughter, evidence held insufficient to take case to jury.

WILLIAM LEWIS & SON for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is the second appeal of this case. The opinion on the first appeal may be found in 202 Ky. 677, 261 S. W. 7. In that opinion we said:

> "We are constrained, however, to say that the whole evidence introduced by the Commonwealth, and by the defendant as well, shows that appellant in the shooting of Smith acted only in self-defense, and, while there was no motion for a directed verdict, in the grounds for a new trial it is complained that the verdict is not sustained by sufficient evidence, and on this ground the court should have granted a new trial. We have failed to find any evidence of a physical fact bearing upon the situation of the parties at the time that sufficiently contradicts the evidence of the eye-witnesses to authorize the submission of this case to the jury, and, while we are convinced there is something connected with the case which has not been brought to light, we are unwilling to say that the evidence as it stands is sufficient to support a judgment of conviction."

On the return of the case to the trial court, the Commonwealth changed its strategy and on the second trial contented itself with simply proving that Jesse Smith, the deceased, had been shot and killed and that the appellant had admitted that he did it. It also proved that about a half hour after Smith had been killed his widow and son, who then came upon the scene of the shooting where Smith was still lying, found his revolver in his pocket and on top of it a can of tobacco, and, further, that at the time appellant admitted he had killed Smith he said he was sorry he had done it but that he was "doped with whiskey." At the end of the Commonwealth's case, the appellant moved for a peremptory instruction, but it is quite apparent that his motion at this time was properly overruled. The appellant then introduced testimony which established without contradiction the facts of the killing as set forth in the former opinion in this case.

He denied making the statements and admissions attributed to him, and also proved that Smith's revolver was not found in his pocket by his widow and son but was discovered underneath him. At the close of the whole case appellant again renewed his motion for a peremptory instruction and this motion was likewise overruled. On the submission of the case to the jury, the appellant was again found guilty of manslaughter and sentenced to two years in the penitentiary. From this judgment he brings this appeal.

We are of opinion that the appellant's motion for a peremptory instruction should have been sustained. There is no material variance between the evidence on the second trial and that on the first trial as to how this shooting occurred, and it overwhelmingly and without dispute establishes that the appellant killed Smith in self-defense. Whether Smith's revolver was found in his pocket or underneath him cannot weigh against this conclusion. The eye-witnesses testified that Smith had two revolvers at the time of the shooting. It is admitted that appellant was wounded in the affray. So it is perfectly plain that whether Smith used his own revolver or not and whether it was found in his pocket or under his body, he must have used some revolver in the shooting of appellant. The latter's right of self-defense, of course, does not turn on what revolver Smith was using at the time appellant shot him. Appellant's admission that he had shot Smith and was sorry he did it is not inconsistent with his plea of self-defense, and there being no contradiction in the evidence as to how this thing happened, and this evidence established without contradiction that appellant shot Smith in self-defense, the court should have, as the first opinion plainly intimated, sustained the appellant's motion for a peremptory. Wherefore the judgment of the lower court is reversed, with instructions to grant appellant a new trial in accordance with this opinion.