## Naylor, et al. v. Board of Education of Fulton County, et al.

(Decided November 26, 1926.)

### Appeal from Fulton Circuit Court.

1. Schools and School Districts—Chapter 82 of Acts of 1926, Repealing Statutes Relative to Subdistrict School Taxation, Held Not to Repeal Chapter 80 of Acts of 1926, which Repealed and Reenacted Such Sections (Acts 1926, chapters 80, 82; Kentucky Statutes, Supplement 1926, Sections 4458-4462, 4463b).—Acts 1926, chapter 82, expressly repealing Kentucky Statutes, sections 4458-4462, 4463b, relative to subdistrict school taxes, approved March 22, 1926, held not to repeal Acts 1926, chapter 80, repealing and reenacting Kentucky Statutes, sections 4458-4461, 4463b, approved March 26, 1926, but chapter 82 was intended to repeal named sections as they appeared in Carroll's Kentucky Statutes, 1922.

2. Statutes.—Statutes enacted at same session of legislature should receive construction which will give effect to each.

3. Statutes.—Where two acts are seemingly repugnant, they should be so construed that later will not repeal former by implication.

4. Statutes.—Seemingly repugnant statutes will be construed so that both will stand, if such construction can be reasonably given.

5. Statutes.—Act going into effect immediately will prevail over act passed before it, but going into effect later.

6. Statutes.—Of two conflicting acts passed at same session of legislature, one containing emergency clause will overcome the other.

7. Schools and School Districts—In Notice of Election to Levy Subdistrict School Tax, Setting out "Rate" of Proposed Tax Held Not Compliance with Requirement to Set Out "Amount" (Acts 1926, Chapter 80; Kentucky Statutes, 1922, section 4458).—In notice of election to levy subdistrict school tax, under Acts 1926, chapter 80, setting out rate of tax proposed to be raised held not compliance with requirement to set out amount, since only change made in amending Kentucky Statutes, 1922, section 4458, was to provide that rate as well as amount should be set out, and "amount," which is sum total of tax, is not same as "rate," which means fixed measure of estimation.

8. Schools and School Districts.—Provision of Kentucky Statutes, Supplement 1926, section 4458, requiring amount of subdistrict tax, proposed to be raised, to be set forth clearly in election notice, is mandatory, and omission of such statement renders election invalid.

HESTER & STAHR for appellants.

B. T. DAVIS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On this appeal the validity of a school tax election is involved. In 1916 a tax of 15c on each $100.00 of taxable property was voted in subdistrict No. 2 of educational division No. 2 of Fulton county, known as the Cayce school district, and that tax is still being levied and collected. In 1923 an additional tax of 20c on the $100.00 of taxable property was voted for a period of three years, ending July 1, 1926, for local school purposes and to maintain a high school in the district. During the early months of 1926 two elections were held in the district to vote an additional tax of 25c, at each of which a majority of the votes was cast against the tax. On June 19, 1926, the county board of education of Fulton county called a third election for July 24, 1926. At that election 129 votes were cast for the tax and 97 against it.

The appellants, who were taxpayers and legal voters of the district, filed suit in the Fulton circuit court seeking to have the election declared void on the ground that the law under which it had been held had been repealed by chapter 80 of the Acts of the General Assembly of 1926, and to enjoin the Fulton county board of education from

levying the additional tax of 25c and the sheriff from collecting it.

The Fulton county board of education apparently conceded that the election held on July 24 was void and no further steps were taken in the action. On August 5, 1926, ten legal voters of the Cayce school district petitioned the board of education of Fulton county to call an election and submit to the voters of the district the question whether or not an additional tax of 25c, making a total tax of 40c, should be levied upon the taxable property in the district every year for a period of six years. The election was held on August 21, 1926, and resulted in 119 votes being cast in favor of the tax and 82 votes against the tax. The board of education of Fulton county thereupon entered an order on its records levying a tax of 40c on each $100.00 of taxable property in the district.

On August 26, 1926, the appellants filed suit in the Fulton circuit court against the board of education of Fulton county and John M Thompson, sheriff, seeking to have the election of August 21, 1926, declared void on the ground, among others, that the order calling the election and the notices failed to fix or show the amount of money to be raised by the tax.

On August 31, 1926, the board of education of Fulton county filed a petition in equity in the Fulton circuit court in which the appellants were made defendants and in which it was averred that the petition filed by the defendants on August 26, 1926, had not been filed in time to be an appearance at the September, 1926, term of the Fulton circuit court; and that that action could not be heard or determined until the January term, 1927, of the Fulton circuit court; and that a delay in the decision of the question as to the validity of the election of August 21 would prevent the plaintiffs from maintaining a high school in the Cayce school district for the current school year, and they asked that judgment be entered determining the validity of the election under the Declaratory Judgment Act.

The three pending suits were consolidated, and being submitted on the pleadings and exhibits the court adjudged that the election held on August 21, 1926, was valid. From that judgment this appeal is prosecuted.

The first question with which we are confronted is this: Was chapter 80 of the Acts of the General As-

sembly of 1926 repealed by chapter 82 of the Acts of the General Assembly of 1926? Chapter 82 of the Acts of 1926 expressly repealed sections 4458, 4459, 4460, 4461, 4462 and 4463b of the Kentucky Statutes, all of which relate to subdistrict taxation, and was approved on March 22, 1926. Chapter 80 of the Acts of 1926, under which the election in question was held, repeals and re-enacts sections 4458, 4459, 4460, 4461 and 4463b of the Kentucky Statutes, and was approved on March 26, 1926. This act carried an emergency clause and became effective immediately after its passage and approval by the Governor. Chapter 82 of the Acts of 1926 contained no emergency clause and by the terms of the Constitution it took effect 90 days after the adjournment of the General Assembly and therefore took effect after the act known as chapter 80 of the Acts of 1926.

It is a well established rule of interpretation that statutes enacted at the same session of the legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes *in pari materia,* and they should be read together and should not be construed as inconsistent if they can be fairly read otherwise. Vaughan v. Roberts, 192 Ky. 364, 233 S. W. 733; Green, Auditor v. Taylor, Jr. & Sons, 184 Ky. 739, 212 S. W. 925.

In People v. Wabash Railway Company, 276 Ill. 92, 114 N. E. 552, it was held that it has always been a maxim in the construction of statutes that where two acts are seemingly repugnant they should be so construed that the latter may not operate as a repeal of the former by implication, and in all such cases if a construction can reasonably be given by which both acts will stand it will be adopted. The court also approved the rule that an act going into effect immediately will prevail over an act passed before it but going into effect later. In Perrault v. Robinson, 29 Idaho 267, 158 Pac. Rep. 1074, it was held that the rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the legislature; they are to be construed together and should be so construed, if possible, as to harmonize and give force and effect to the provisions of each.

In Lambert v. Board of Trustees, 151 Ky. 725, 152 S. W. 802, American Annotated Cases, 1915A, p. 180, the

case of Heilig v. City Council of Puyallup, 7 Wash. 29, 34 Pac. 164, was cited with approval, wherein the court said:

"But we are also of the opinion that where two conflicting acts upon the same subject matter are passed at the same session of the legislature, and their conflict is such that they cannot be harmonized and stand together, and one of them contains an emergency clause and the other does not, that one containing the emergency clause must be taken to overcome the other. The simple fact of there being an emergency clause would tend to show that the subject matter of the act was more clearly and pointedly before the legislature than the subject matter of the other act. In this case the second act has the additional argument in its favor that it was actually passed by both houses of the legislature after the first one."

We conclude, therefore, that the legislature intended only to repeal the aforementioned sections as they appeared in Carroll's Kentucky Statutes, 1922 edition, and not to repeal them as re-enacted by chapter 80 of the Acts of 1926.

It remains to be determined whether the election of August 21, 1926, was held in sufficient compliance with that act. Section one of the act is in part as follows:

"Such election shall be held at any time fixed by the county board of education but not on a day earlier than fifteen days after notice of such election has been posted as herein provided, and at least fifteen days' notice that such question will be voted on at such an election shall be given by written or printed handbills posted up in at least five of the most public places in such district. Said notices shall set forth clearly the amount and object of the tax proposed to be raised and the rate of taxation which shall be imposed and the number of years that such levy shall continue, as well as the time and place of taking the vote. Said notices must be signed by the county superintendent and the chairman of the county board of education of the county in which said subdistrict is located."

The notice of the election provided for by the act, omitting the description of the district, was as follows:

"An election will be held from 8 o'clock a. m. to 4 o'clock p. m. on the Saturday, the 21st day of August, 1926, at the Cayce school building in subdistrict No. 2, of educational division No. 2 of Fulton county, Kentucky, at which the sense of the voters will be taken upon the question as to whether or not a subdistrict school tax of not exceeding 25 cents shall be levied annually on each one hundred dollars of taxable property in addition to the 15c tax heretofore authorized, making a total of 40c of tax for 6 years in the subdistrict boundary set out below for the purpose of establishing, maintaining and operating and paying the local expenses of a public school or schools for said subdistrict, to-wit: To supplement the teachers' salary or to extend the school term to the end that a high school may be maintained as heretofore established by the county board of education of Fulton county."

It is the contention of appellants that the notice should have set forth clearly "the amount of the tax proposed to be raised" as well as the object thereof and the rate of taxation which should be imposed, and that its failure so to do rendered the election invalid. On the other hand, it is contended by appellees that the terms, "amount of the tax proposed to be raised" and "rate of taxation which shall be imposed," are used in the act to refer to the same thing. In this reasoning we cannot concur. Had the term "rate of taxation which shall be imposed" been omitted from the act it might be argued with some plausibility that the word "amount" was used to refer to the rate which should be imposed. The words "amount" and "rate" have different significations. In Webster's New International Dictionary "amount" is defined as "The sum total of two or more sums or quantities; the aggregate; the whole quantity; a totality," and "rate" is defined as "A fixed relation of quantity, amount or degree between two things; a ratio; proportion." In Hilburn v. St. Paul M. & M. Ry. Co., 23 Mont. 229, 58 Pac. Rep. 551, the Supreme Court of Montana had before it for construction a statute providing the method for voting and levying a special tax in school districts. The statute provided that the notice of election

should contain, among other things, the amount of moneys proposed to be raised and another section of the statute provided the method for determining the rate of taxation. It was contended that the words "amount" and "rate" referred to the same thing. The court said:

"If it be said that the terms 'amount' and 'rate' refer to the same thing, and that the board in the resolution adopted should fix the amount as well as the rate, and insert the rate also in the notice, a conclusive answer is that the words have totally different significations. The former means 'a sum or total, the aggregate;' while the latter means 'a fixed measure of estimation.' These are clearly the significations given to these terms as used in the statute."

The statute under which the election in the instant case was held repealed and re-enacted section 4458, Kentucky Statutes, 1922 edition, which contained the following provision relative to the election notices: "Said notices shall set forth clearly the amount and object of the tax proposed to be raised and the time and place of taking the vote." As re-enacted this provision reads: "Said notices shall set forth clearly the amount and object of the tax proposed to be raised *and the rate of taxation which shall be imposed and the number of years that such levy shall continue,* as well as the time and place of taking the vote." It will be noted that the only change made in the provision of the former statute prescribing the contents of the notices was the insertion of the words, "and the rate of taxation which shall be imposed and the number of years that such levy shall continue." The legislature manifestly inserted these words for some purpose, and it was clearly the legislative intent that the words "amount" and "rate" as used in the statute should refer to different things and that the notices should fully inform the voter of the nature and extent of the obligation proposed to be incurred. A voter might be in favor of the object of the tax and willing to vote for the rate proposed if necessary to effectuate that object and yet be opposed to a tax that would raise an amount of money that, in his judgment, would be greater than needed to carry out the purpose intended. He might be in favor of a tax that would raise $10,000.00 for the purpose of erecting a school building and opposed to a tax that would raise $20,000.00 on the ground that a building

costing that amount was not required. Likewise he might favor a tax that would raise a certain amount annually for the purpose of supplementing the teachers' salaries, extending the school term and maintaining a high school and yet be opposed to a tax that would raise a materially different amount for the same purposes. It was clearly the purpose of the legislature in enacting section 4458 of the Kentucky Statutes in its present form to have questions of district taxation submitted to the people in such form as to enable them, as far as may be, to fully understand their nature. Nor can it be argued that setting forth in the notices of election the rate of taxation that should be levied amounted to a substantial compliance with the requirement that the amount of taxes to be raised should also be set forth, as it could be assumed that the amount of taxes to be raised would equal the sum that could be collected by a levy at the rate named. The voters should not be required to resort to the assessment list to ascertain that which the statute provides should be clearly set forth in the notices. City of Providence v. Ruckman, 195 Ky. 471, 242 S. W. 844; Floyd County Fiscal Court v. Floyd County Board of Education, 175 Ky. 517, 194 S. W. 561. In Kash v. City of Jackson, 159 Ky. 523, 167 S. W. 676, we said:

> "The object of the legislature in embracing in the statute the provision in question and others defining the duties of the board of trustees with respect to the calling and holding of an election to determine whether the indebtedness therein allowed shall be incurred, is to enable the voters of the municipality to understand in all its bearings the question upon which they are called to vote, and to safeguard their rights as taxpayers; therefore, there must be a substantial compliance upon the part of the municipal authorities with the requirements of the statute. The meaning of the statute is plain. It declares in express terms that the election notice 'shall specify the amount of the indebtedness proposed to be incurred, the purpose or purposes of the same and the amount to be raised annually by taxation for an interest and sinking fund, as herein provided.' Each of the foregoing provisions being mandatory, the omission of any of them from the notice of election will render the election invalid."

The provision in section 4458, Kentucky Statutes, Carroll's 1926 edition, being section 1, chapter 80, Acts of 1926, requiring the amount of the tax proposed to be raised to be set forth clearly in the election notices, is likewise mandatory and its omission from the notices rendered the election herein invalid.

The judgment is reversed, with directions to the circuit court to enter a judgment declaring the election invalid. Whole court sitting.