## Milton v. City of Lawrenceburg.

May 30, 1939.

742

William H. Crutcher, Jr., for appellant.

Ollie J. Bowen for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

On October 10, 1938, the Board of Council of the City of Lawrenceburg, Kentucky, a municipality of the fourth class, passed an ordinance pursuant to authority of Section 3490-34, Kentucky Statutes, declaring that it was necessary that a new sewer system be constructed by the city in cooperation with the Federal Works Progress Administration, the city's share of the cost not to exceed $40,000. It was further declared that the con- struction of such sewer system would require the city to incur an indebtedness greater than the income for the present year, or any one year, and that an election should be called to determine whether such an indebtedness should be incurred and bonds issued therefor. The ordinance was duly advertised by publishing a copy thereof, apparently as required by law.

Thereafter, notice of the election was published which recited among other things:

"Such bonded indebtedness and interest thereon will be paid through an interest and sinking fund created for said purpose, and the amount necessary to be raised annually for said purpose will be such an amount as may be collected from the levy of a general tax upon taxable real and personal property of the City of not exceeding Twenty-five Cents (25c) per One Hundred Dollars ($100) assessed value thereof."

The question on the city ballots submitted to the voters reads as follows:

"Are you in favor of the City of Lawrenceburg in- curring a bonded indebtedness of not exceeding Forty Thousand Dollars ($40,000) to construct a sewer system for said city in co-operation with the Federal Works Progress Administration, said in- debtedness to be paid from the annual levy of a general tax upon the taxable property of the city of not exceeding Twenty-Five Cents (25c) per One Hundred Dollars ($100) assessed value thereof?"

The election was held on November 8, 1938, and resulted in a more than two-thirds majority in favor of the issuance of the bonds. On February 6, 1939, the board of council adopted an ordinance providing for the issuance of $40,000 City of Lawrenceburg Sewer Bonds and that said bonds shall be sold to the highest and best bidder at public sale on February 21, 1939; and on that date, a public sale of said bonds was had and the bonds were awarded to Stein Brothers and Boyce and W. L. Lyons Company, they being the highest bidders.

A question arose as to the validity of the election and appellant, as plaintiff below, suing as a citizen and taxpayer of the city, brought this suit in equity seeking a declaration of rights of the parties. The case was submitted to the chancellor upon proceedings had and the chancellor held that all proceedings were valid and sustained the sale of the bonds, from which judgment appellant has prosecuted this appeal seeking a final determination of the question by this court.

It is to be noticed that Section 3490-34, Kentucky Statutes, provides, among other things, that the board of council "shall give notice of an election by the qualified electors of the town to be held, to determine whether such indebtedness shall be incurred. Such notice shall specify the amount of the indebtedness proposed to be incurred, the purpose or purposes of the same, and the amount of money necessary *to be raised annually by taxation for an interest and sinking fund, as herein provided."* (Italics ours)

It is also to be noticed that the ordinance, notice of election and the question submitted to the voters on the ballot failed to state the amount of money to be *raised annually by taxation* as provided in the statute, and this is the only question of merit presented in the record. In other respects we find that a substantial compliance with the law was had.

This is no new question in this court. The construction of the statute, supra, and other like and similar statutes, has been involved in many previous cases among which particularly pertinent are the cases of City of Providence v. Ruckman et al., 195 Ky. 471, 242 S. W. 844; Kern et al. v. City of Mount Sterling, 233 Ky. 156, 25 S. W. (2d) 41; and Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690.

The City of Providence case appears to be precisely

in point. It is there held that an election called and held under Section 3490-34, Kentucky Statutes, to empower the board of council of a city of the fourth class to incur indebtedness and issue bonds therefor, not in excess of the revenues for the year, is void unless the notice calling the election specified the amount to be raised *annually* by taxation to meet the interest on the bonds and provided a sinking fund for their retirement at maturity; and the issuance of the bonds may be enjoined at the suit of residents and taxpayers of the city. It was argued in that case, as is here argued, that admitting that the notice does not comply literally with the requirements of the statute by stating the amount of taxes to be raised annually, yet there is a substantial compliance with this requirement under the principle of law which regards as certain that which is capable of being ascertained and definitely fixed. In the present case appellee argues that the language contained in the notice of election and on the ballot that "said indebtedness to be paid from annual levy of a general tax upon the taxable property of the city of not exceeding Twenty-Five Cents (25c) per One Hundred ($100) assessed value thereof" is sufficient to enable the voters and taxpayers to ascertain the amount of taxes they would have to pay in addition to other taxes. But as is pointed out in the City of Providence case, supra, this court declined to apply the rule where only the amount of indebtedness to be incurred, the rate of interest to be paid upon the proposed bonds and the date of their maturity were given in the notice for the election. The court further said [195 Ky. 471, 242 S. W. 846]:

> "That the voters were not informed or the council limited by this notice as to either the amount of money that would be raised by taxation *each year* or the rate of the levy that would be made for such purpose is made plain by the fact that only a limit was placed upon the total tax rate for all purposes, and that the constitutional limit, under which the council might for one year levy a 50-cent tax to meet its obligations under the proposed bond issue and 25 cents for all other purposes, and the next year reverse the rates, or change them in any way they deemed proper, and it was certainly the purpose of this statutory provision to prevent the possibility of the adoption by the council of any such haphazard way of taking care of such an indebt-

edness as this, for which authority had to be obtained from the voters." (Italics ours.)

In the Mount Sterling case, supra, the sufficiency of the ordinance adopted preceding the calling or notice of the election seemed to be the principal issue. However in indicating the proper procedure it is pointed out that it would have been competent for the city council by an ordinary motion to call an election for the purpose of creating the indebtedness to the amount agreed upon and it is not material that the ordinance failed to state the amount to be raised annually by taxation and other specified requirements of the statute.

In the Naylor case, supra, which involved a bond issue by a school district, the construction of a similar statute was involved. The court said [216 Ky. 766, 288 S. W. 693]:

"Nor can it be argued that setting forth in the notices of election the rate of taxation, that should be levied, amounted to a substantial compliance with the requirement that the amount of taxes to be raised should also be set forth, as it could be assumed that the amount of taxes to be raised would equal the sum that could be collected by a levy at the rate named. The voters should not be required to resort to the assessment list to ascertain that which the statute provides should be clearly set forth in the notices. City of Providence v. Ruckman, 195 Ky. 471, 242 S. W. 844; Floyd County Fiscal Court v. Floyd County Board of Education, 175 Ky. 517, 194 S. W. 561. In Kash v. City of Jackson, 159 Ky. 523, 167 S. W. 676, we said:

" 'The object of the Legislature, in embracing in the statute the provision in question and others defining the duties of the board of trustees with respect to the calling and holding of an election to determine whether the indebtedness therein allowed shall be incurred, is to enable the voters of the municipality to understand, in all its bearings, the question upon which they are called to vote, and to safeguard their rights as taxpayers; therefore there must be a substantial compliance upon the part of the municipal authorities with the requirements of the statute. The meaning of the statute is plain. It declares, in express terms, that the election notice "shall specify the amount of the indebtedness pro-

posed to be incurred, the purpose or purposes of the same, and the amount to be raised *annually* by taxation for an interest and sinking fund, as herein provided." Each of the foregoing provisions being mandatory, the omission of *any* of them from the notice of election will render the election invalid.' " (Our italics.)

It follows that since the notice of election and the question on the ballot submitted to the voters failed to state the sum of money to be raised annually by taxation, there was not a substantial compliance with the mandatory provisions of the statute, and hence the election was void.

Judgment reversed.