## Vaughan, Secretary, etc. v. Roberts.

(Decided September 30, 1921.)

## Appeal from Franklin Circuit Court.

1. Statutes—Enacted at Same Legislative Session—Construction.— Chapter 156, and chapter 99 of the Session Acts, of the 1920, General Assembly, being enacted at the same legislative session and upon the same subject should be construed together and the provisions of one should not be held inconsistent with the other, if they can be fairly read otherwise.

2. Elections—Primary Elections—Nomination of Circuit Judges and Judges of the Court of Appeals.—The amendment to subsection 6, of section 1550, Ky. Stats., embraced in chapter 156, Session Acts of the 1920, General Assembly applies to candidates in a primary election, who are required by law to file a "notification and declaration," or "application and declaration" under said subsection 6, section 1550, supra, and not to candidates, in a primary for circuit judge or judge of the Court of Appeals, whose candidacy is controlled by the provisions of chapter 99, Session Acts, 1920, which expressly provides, that the provisions of subsection 6, section 1550, supra, do not apply to candidates for judges of the Court of Appeals and circuit judges.

3. Elections—Defeated Candidate for Judge of Circuit Court and Judge of Court of Appeals May Run as Independent Candidate.— A defeated candidate in a primary election for circuit judge or judge of the Court of Appeals, may run as an independent candidate at the regular election for the same office, under section 1453, Ky. Stats.

CHAS. I. DAWSON, Attorney General, and E. C. O'REAR for appellant.

JOHN D. CARROLL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

The appellee, R. B. Roberts, on the 14th day of September, 1921, which was more than forty-five and less than seventy-five days, previous to the regular election in November, 1921, tendered and offered to file in the office of the Secretary of State, a petition, which was signed by a requisite number of legal voters of the 33rd judicial district, nominating him for the office of circuit judge, as an independent candidate or candidate of an independent party, and requesting that his name be placed upon the ballot to be used at the regular election under the emblem of his picture or photograph. The

Secretary of State, for reasons hereinafter stated, being of the opinion. that appellee was not eligible to have his name upon the ballot as a candidate for circuit judge at the November election, declined to receive or file the petition or to cause appellee's name to be printed upon the ballots as an independent candidate in accordance with the request of the petition.

The appellee by proper proceedings in the circuit court, secured a writ of mandamus against the appellant, requiring him to receive the petition and to file the same as of the date tendered and to cause appellee's name to be printed upon the ballots to be used at the November election, 1921, as an independent candidate for judge of the circuit court, in the district, under the emblem designated in the petition, and, from the judgment. granting the writ of mandamus, the appellant has appealed.

The appellant assigns as reasons, why the mandamus should not have been granted, (1) that the petition which was offered to be filed was insufficient under section 1453, Ky. Stats., and (2) that the appellee having been a candidate at the primary election, held on August 6th, 1921, for the nomination of the Republican party for judge of the circuit court, in the 33rd district and having been defeated, he was not eligible and could not be permitted to run as a candidate for the same office at the ensuing November election, either as an independent or otherwise, or at least he was without right to have his name printed upon the ballot, as such a candidate.

As to the first reason, an examination of the petition, tendered to the Secretary, shows that it substantially complies with the requirements of section 1453, Ky. Stats., and is sufficient under that section to require the name of the appellee to be placed upon the ballots, at the ensuing November election, according to its request.

The second reason is based upon the provisions of chapter 156, Session Acts, of the 1920 General Assembly. That act purports to be an amendment of subsection 6, section 1550, Ky. Stats., and the act consists of subsection 6, section 1550, *supra,* as it existed before the amendments of 1920, with the following language, in addition,

"No applicant or candidate for any public office in the state of Kentucky who shall have filed his application. or declaration under said section and who shall have been defeated for the nomination for any office thereunder, shall be eligible or permitted to run for the same office

for which he was a candidate under said section at any general election in this state to be held during the same year in which his said application and declaration was so filed, and in which he was a candidate in any primary election under said act. All acts and parts of acts in conflict with this act are hereby repealed.''

The appellee having been an unsuccessful candidate for the nomination for circuit judge, of the Republican party, at the primary election held on August 6th, 1921, the Secretary of State was but within his rights, in refusing to cause his name to be printed upon the ballots to be used at the November election, as a candidate for that office, if the above provision quoted from chapter 156, *supra,* is valid and applicable to the facts. The appellee, however, contends that the quoted provision is void, because it is in contravention of section 130, of the Constitution, in that it undertakes to add to the qualifications, necessary to hold the office of judge of the circuit court, as prescribed by the Constitution, and further, in effect denies to the people of the district a free and fair election, contrary to section 6, of the Constitution.

It is unnecessary, however, to determine, whether the above quoted provision of chapter 156, *supra,* is or is not void as in contravention of any constitutional provision, since we have concluded that it has no application to the present state of facts. At the same session of the General Assembly, which enacted chapter 156, *supra,* there, also, became a law, chapter 99, of the Session Acts of the legislative assembly of 1920. The latter act, also, purports to be an amendment of subsection 6, of section 1550, Ky. Stats., but, it is in reality a statute prescribing a different mode of nominating a candidate for a judge of the circuit court and a judge of the Court of Appeals, by a political party, from that prescribed by chapter 156, *supra,* or that prescribed by the original terms of subsection 6, section 1550, Ky. Stats., and prescribing different qualifications to make one eligible for candidacy for a party nomination than the qualifications prescribed by chapter 156, *supra.* It at least has the effect of excepting the nominations for circuit and appellate judges from the operation of subsection 6 of section 1550, *supra.* These two acts, having been enacted upon the same subject and by the same session of the General Assembly should be construed together and the intention of the legislature ascertained from a consideration of both, and they should not be held inconsistent with each

other, if they can be fairly read otherwise. 36 Cyc. 1151; 25 R. C. L. 1062; Wilson v. Hahn, 131 Ky. 444; Lambert, etc. v. Bd. Trustees, etc., 151 Ky. 725. The legislature should be considered, in enacting such statutes to be actuated by the same spirit in the enactment of each and to be carrying out the same policy.

It will be observed that by the terms of subsection 6, section 1550, as amended and re-enacted by chapter 156, *supra,* before one can be a candidate for a nomination in a primary election, he must be a member of the party, of which he seeks a nomination; he must have affiliated with the party and supported its nominees, as defined in the act; and as a necessary prerequisite to having his name printed upon the ballots to be used in the primary election, he must file a notification and declaration, subscribed and sworn to by him, in which he must swear that he resides at a certain place; and if in a city, where registration is required, that he is a registered voter; that he believes in the principles of the party, whose nomination he seeks; that he intends to support its principles and policies, and vote for its nominees at the coming general election; that he has affiliated with such party and supported its nominees at the last general election, or was prevented from doing so by some sufficient reason; that if nominated, he will accept the nomination and not withdraw; that he will not violate any law pertaining to elections, and if elected to the office at the general election, he will qualify, as such officer. In addition to such sworn declaration he must, also, file the affidavits of two reputable electors, to the effect that they have affiliated with the party and supported its nominees at the last general election; are personally acquainted with the applicant; know him to be a discreet citizen and to the best of their knowledge has affiliated with and supported the party as defined by the primary election law and that his residence is stated correctly in his notification and declaration and they believe him to be qualified to fill the office, he seeks. It will be observed that the written instrument which this section requires to be filed, by one proposing to become a candidate, in a primary is termed, in the act, in some places a "notification and declaration," and in another "said application and declaration," and the person who files it is termed an "applicant," and that it uses the terms "notification and declaration" and "application and declaration" as describing the prerequisite to be placed upon the ballot. It

will, also, be observed, that the amendatory section of subsection 6 of section 1550, *supra,* as re-enacted and embraced in chapter 156, *supra,* says that "an applicant or candidate," "who shall have filed his application or declaration under said section and who shall have been defeated for any office thereunder," shall be ineligible and not permitted to "*run* for the same office for which he was a candidate under said section at any general election . . . to be held during the same year in which said application or declaration was so filed. . . . " So it seems, that the amendment to subsection 6, section 1550, *supra,* embraced in chapter 156, *supra,* only applies to candidates under that section as amended, and only to such candidates, who in order to get a place upon the ballots are required to file the "notification and declaration" or the "application and declaration" described and required by subsection 6, section 1550, *supra.* By its very terms it has no reference to a candidate in the primary who shall not have filed his "application or declaration, under said section" and who was not a "candidate in a primary election under said act." By the very terms of subsection 6, section 1550, *supra,* the name of no one could be printed upon the ballots, as a candidate for a party nomination, who was not a member of such party, and to that end, an applicant was required to subscribe and swear to and file the application or notification and declaration required by the act and hence no one could be a candidate for a nomination for any office, by a political party, not his own, and neither could the members of a party vote for or nominate a candidate for an office, who was not a member of the party, and who had not affiliated with and supported the party. To enable a political party to nominate a candidate for the office of judge of the circuit court or a judge of the Court of Appeals, other than a member of the party, and to enable the various political parties to nominate the same person as the candidate of each, and to enable the name of a nominee to be printed upon the ballots to be used at the general elections under the emblems of as many, or of whatever party should nominate him, and in fact to enable the name of a person to be printed upon the ballots as a candidate for one of these judicial offices, by whatever method the law will permit the name of a person to go upon the ballot, and thus attempt to divorce the election of such judges from partisan rancour, and to induce the voters to select judges with reference to their

fitness and qualifications for the office, instead of political considerations, the legislature enacted chapter 99, *supra*. It will be observed that the first clause of the amendment to subsection 6, section 1550, *supra*, as embraced in chapter 99, *supra*, declared that none of the provisions of subsection 6, section 1550, *supra*, shall apply to candidates for judges of the Court of Appeals and for judges of the circuit courts. It is then provided that any eligible person may become or be proposed as a candidate for nomination by any and every political party having a ticket to be voted for in the district, but, the person shall not be required to seek the nomination or nominations nor to make any declaration of party loyalty or support, as a prerequisite to his name being printed upon the primary ballots. Nor shall he, as a prerequisite of candidacy for nomination be required to have registered as a voter, nor to have affiliated with any party. The nomination or nominations for these judicial offices is proposed, not by the candidate filing an "application, or notification and declaration" as required by subsection 6, section 1550, *supra*, but either by a resolution of a party committee or by the application of two reputable electors of any political party, which resolution or application shall be filed with the proper officer. The names of the successful candidates in the primary for these judicial positions shall appear on the ballots, used at the general election, under the emblems of as many parties as have nominated them, and in addition, may appear upon the ballots, by the petition of voters, and in fact in as many ways as the law will permit. In such a primary election, if a person is successful in securing the nomination of one party, but is defeated for the nomination of another party, by the express words of the statute, he may appear as a candidate under the device of the party, which nominates him, and, also, upon the petition of voters, which would necessarily be as an independent.

Hence, a candidate for nomination for judge of the Court of Appeals or a circuit court is not a candidate under subsection 6, section 1550, *supra*, but, is a candidate under said subsection as amended by chapter 99, *supra*, and hence the amendment as embraced in chapter 156, *supra*, does not apply to him. Only candidates under subsection 6, section 1550, are required as a prerequisite, to file "application and declaration," as provided for by that section, and they are the only candi-

dates, when defeated, in the primary election, who are not "eligible and shall not be permitted to *run* for the same office," at the general election, if said provision is valid, which is not decided.

Chapter 156, *supra,* is general in its terms and applies to all persons, who may be candidates in a primary, while chapter 99, *supra,* applies only to persons, who may be candidates for judge of the Court of Appeals and of circuit courts. Construing them as one act, it is very plain that the legislative intention was that, while all other candidates in a primary were governed by the provisions of subsection 6, section 1550, Ky. Stats., the candidates in primary elections for the judicial positions above named, should be excepted from the operation of the provisions of that subsection and as before stated, chapter 99, *supra,* so declares. There would be no other way to construe these two acts upon the same subject and enacted at the same session of the General Assembly, consistently with each other. Carrying out the policy of the legislature in regard to candidates for judges of the circuit court and judges of the Court of Appeals, the legislature, in enacting the amendment to subsection 6, section 1550, *supra,* embraced in chap. 156, *supra,* did not include candidates for these judicial offices, in terms, but expressly excluded them from its operation, by making it apply only to such candidates, in a primary election as were required by law as a prerequisite to candidacy to file a "notification, application and declaration" under subsection 6, section 1550, and who did file same and were candidates under that section and not to candidates in a primary, who were not candidates under that section. The quoted portion of chapter 156, *supra,* having no application to such candidate as appellee, and no inhibition in chapter 99, *supra,* being imposed upon him from appearing as an independent candidate upon the ballots at the general election, his rights in the matter are governed by the principles announced in the opinions of this court, in Napier v. Roberts, 172 Ky. 227, and Francis v. Sturgill, 163 Ky. 650.

The judgment is therefore affirmed.

Whole court sitting except Judge Sampson.