KINDY OPTICIANS, INC., *v.* STATE BOARD OF EXAMINERS IN OPTOMETRY.

1. PHYSICIANS AND SURGEONS—DISPENSING OPTICIAN—OPTOMETRY—STATUTES.

Provision of statute prohibiting advertising of "glasses or lenses, frames or their supporting accessories, with or without frame or mounting at a price, with or without examination of eyes or professional services, or at a price with such phrases as 'as low as,' 'and up,' 'lowest prices,' or words or phrases of similar import; or to offer any gift, premium, or discount in

conjunction with the practice of optometry," *held*, inapplicable to business of a dispensing optician where title of act containing such provision refers solely to "optometrists practicing optometry;" hence the lawful prosecution of business by a dispensing optician may not be interfered with by public officers and optometrist seeking enforcement of, and injunction under, such statute (2 Comp. Laws 1929, § 6788, subd. [i], as added by Act No. 223, Pub. Acts 1937).

2. COSTS—DISPENSING OPTICIAN—OPTOMETRISTS—PUBLIC OFFICERS.
   In suit by dispensing optician to enjoin State society of optometrists and an optometrist, State board of examiners in optometry, and attorney general from interfering with its business, costs are allowed against first two defendants but not public officers, where plaintiff prevails.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 15, 1939. (Docket No. 10, Calendar No. 40,470.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Bill by Kindy Opticians, Inc., a Minnesota corporation, against State Board of Examiners in Optometry, Raymond W. Starr, Attorney General, Michigan Society of Optometrists, and Ewing Adams to determine the constitutionality of an act, for an injunction and other relief. Cross bill by defendants Michigan Society of Optometrists and Adams against plaintiff for an injunction and other relief. From decree rendered, plaintiff appeals. Reversed.

*Slyfield, Hartman, Mercer & Reitz*, for plaintiff.

*Clark, Klein, Brucker & Waples*, for defendants and cross plaintiffs.

CHANDLER, J. Plaintiff, a Minnesota corporation, duly licensed to conduct the business of dispensing optician in this State, filed a bill in equity against the

defendants, seeking a declaratory judgment as to the constitutionality of Act No. 223, § 8, subd. (i), Pub. Acts 1937 (Stat. Ann. 1939 Cum. Supp. § 14.648), which amends 2 Comp. Laws 1929, § 6788, contending that said subdivision is unconstitutional because not within the scope of the title of the act.

The statute in question provides that it shall be unlawful for "any person to advertise glasses or lenses, frames or their supporting accessories, with or without frame or mounting at a price, with or without examination of eyes or professional services, or at a price with such phrases as 'as low as,' 'and up,' 'lowest prices,' or words or phrases of similar import; or to offer any gift, premium, or discount in conjunction with the practice of optometry: *Provided,* That the exemptions accorded to physicians and surgeons and the other persons from the provisions of this act as set forth in section seven (d) shall not apply to the provisions of section eight of this act."

Although plaintiff contended that Act No. 223, § 8, subd. (i), Pub. Acts 1937 (Stat. Ann. 1939 Cum. Supp. § 14.648) was unconstitutional, it abandoned this claim upon appeal, but did insist that said amendment was not within the title of the act, and, therefore, not applicable to plaintiff who was engaged in the business of a dispensing optician and not in the practice of optometry.

The trial judge entered a decree denying plaintiff the relief sought by it, and granted defendants certain affirmative relief: *viz.,* a permanent injunction restraining plaintiff

"from practicing optometry as defined by Act No. 71, Pub. Acts 1907, as amended;" from "adjusting eyeglasses to the individual person by fitting, adapting, adjusting or 'bending' frames with or without

lenses, and from doing any other act to fit, adapt, adjust or 'bend' eyeglasses to the individual person or from so holding itself out to the public, whether such eyeglasses are new or so-called 'repaired' eyeglasses;" from "advertising to the public that it can furnish eyeglasses, complete, or adapted to the individual person;" from "filling any prescription for eyeglasses:

"A.  Which does not contain the following essential elements:

> lens power, type, form, size, shape, centering, position, plane, angling of eyeglasses.

"B.  In such manner as to change the foregoing essential elements from that contained in the prescription from a licensed person.

"C.  Which is not issued by a licensed person."

The issues raised by this appeal are, we think, simple and few in number.  (1) Is plaintiff entitled to a declaratory judgment as prayed for in its bill of complaint?  (2) Is it entitled to the injunctive relief sought: *viz.*, to restrain defendants or any of them from interfering with the lawful prosecution of plaintiffs' business?  Our answer to both questions is in the affirmative.

The record is convincing that the business in which the plaintiff was engaged was that of a dispensing optician.  The title of the act relates to optometrists only, and not to opticians.  We must, therefore, hold that plaintiff was entitled to the relief sought, namely, a declaration by the court that its business, that of a dispensing optician, cannot be interfered with by the defendants, or any of them, while it is engaged in the lawful prosecution of such business.

The decree of the trial court is reversed, and one may be entered in accordance with this opinion, with costs to plaintiff as against defendants, Michigan Society of Optometrists and Ewing Adams, but not

as against defendants Michigan State board of examiners in optometry or attorney general, Raymond W. Starr.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.