COMMONWEALTH *vs.* JOHN R. FERRIS.

Suffolk.    December 4, 1939. — February 14, 1940. ·

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Optician. Advertising. Constitutional Law,* Police power, Due process of law, Advertising.

The prohibitions in § 73A, inserted in G. L. (Ter. Ed.) c. 112 by St. 1937, c. 287, of the inclusion in an advertisement respecting the sale of eyeglasses, lenses or eyeglass frames of a statement advertising a frame or mounting at a fixed price unless the advertisement includes a further statement to the effect that the price does not include lenses, eye examination or professional services, or of a statement advertising lenses or complete eyeglasses including lenses at a fixed price, or of a statement laying claim to a policy or continuing practice of generally underselling competitors, are a valid exercise of the police power and are constitutional.

INDICTMENT, found and returned on July 10, 1939.

The defendant was found guilty by *Fosdick,* J.

*F. L. Simpson,* for the defendant.

*E. O. Proctor,* Assistant Attorney General, for the Commonwealth.

LUMMUS, J.    The defendant, describing himself as a dispensing optician, advertised in a newspaper over his name and address as follows: "Eyeglasses complete! White single vision lenses and frames.    Complete for only $5. Your choice of ten modern style frames only $2.50.    We believe our prices to be those below any competitor."

G. L. (Ter. Ed.) c. 112, § 73A, inserted by St. 1937, c. 287, provides that no person, in connection with the sale of eyeglasses, lenses or eyeglass frames, shall include in any advertisement (a) "any statement advertising a frame or mounting at a fixed price unless a further statement, to the effect that said price is for the frame or mounting only and does not include lenses, eye examination or professional services, is included in said advertisement," or (b) "any statement advertising lenses or complete eye glasses includ-

ing lenses at a fixed price," or (c) "any statement which lays claim to a policy or continuing practice of generally underselling competitors." Other prohibitions contained in the statute are immaterial. The defendant was indicted in three counts, which respectively were for the violation of three prohibitions in the statute indicated in this paragraph by the letters (a), (b) and (c). Each count is based exclusively upon the newspaper advertisement already recited. It is not contended that that advertisement did not support all three counts. The judge, sitting without a jury after a waiver of jury trial under G. L. (Ter. Ed.) c. 263, § 6, found the defendant guilty and fined him upon each count. His exceptions bring the case here.

The only questions argued relate to the constitutionality of the statute in respect to the three prohibitions upon which the three counts are based. The material constitutional provisions are those of the Fourteenth Amendment to the Constitution of the United States that no State shall deprive any person of liberty or property without due process of law, and the similar provisions of arts. 1, 10 and 12 of the Declaration of Rights of the Constitution of this Commonwealth. *Denny* v. *Mattoon,* 2 Allen, 361, 381.

Subject to the police power, the right to liberty and property includes the right to engage in any lawful occupation. *Commonwealth* v. *Strauss,* 191 Mass. 545, 550. *Holcombe* v. *Creamer,* 231 Mass. 99, 108–109. *Lawrence* v. *Board of Registration in Medicine,* 239 Mass. 424, 428, 429. *McMurdo* v. *Getter,* 298 Mass. 363. *Opinion of the Justices,* 300 Mass. 615. *Louis K. Liggett Co.* v. *Baldridge,* 278 U. S. 105. *New State Ice Co.* v. *Liebmann,* 285 U. S. 262. Included also are the rights to make contracts, and to advertise the wares and services furnished, for the purposes of creating a public demand and of inducing the public to trade with the advertiser rather than with some competitor. *Packer Corp.* v. *Utah,* 285 U. S. 105. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149. The defendant is an ordinary trader, not a professional man furnishing professional service or advice. Consequently the reasons upon which the denial to a professional man of any right to

advertise has been based, are not applicable to him. *Mc-Murdo* v. *Getter,* 298 Mass. 363. *Commonwealth* v. *Brown,* 302 Mass. 523, appeal dismissed for want of a substantial Federal question October 9, 1939. *Brown* v. *Massachusetts,* 308 U. S. 504. A denial to this defendant of the right to advertise in such manner as his judgment or his interest might dictate must be justified upon one or more of the public needs or interests that together form the basis for what is called the police power. *Advance-Rumely Thresher Co. Inc.* v. *Jackson,* 287 U. S. 283, 288. *Nebbia* v. *New York,* 291 U. S. 502, 523–529.

We must consider the constitutionality of the statute with every presumption in its favor, and must marshal in its support every consideration of public need and public policy upon which the Legislature could rationally base its legislation. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, 283. *United States* v. *Carolene Products Co.* 304 U. S. 144.

A familiar ground of the regulation or restriction of contracts or of advertising in a commercial business is the prevention of fraud and mistake. Where the public are not cautious or watchful in their buying habits and are likely to be misled, the Legislature may require not only the absence of active deception (*Commonwealth* v. *Reilly,* 248 Mass. 1), but also affirmative measures to prevent misunderstanding. Of this, reported cases furnish many illustrations. *Commonwealth* v. *Crane,* 162 Mass. 506 (seller of oleomargarine must give public notice that he sells it). *Commonwealth* v. *Libbey,* 216 Mass. 356 (advertisement for laborers must disclose existence of labor disturbance). *Commonwealth* v. *McArthur,* 152 Mass. 522. *P. F. Petersen Baking Co.* v. *Bryan,* 290 U. S. 570, 90 A. L. R. 1285 (bread must be sold in loaves of standard weight). *Armour & Co.* v. *North Dakota,* 240 U. S. 510 (lard must be sold in packages of standard weight). *Pacific States Box & Basket Co.* v. *White,* 296 U. S. 176, 101 A. L. R. 853 (berries must be sold in containers of standard size and shape). *Hauge* v. *Chicago,* 299 U. S. 387 (coal must be weighed by public weigher). *Corn Products Refining Co.* v. *Eddy,* 249 U. S.

427. *National Fertilizer Association, Inc.* v. *Bradley,* 301 U. S. 178 (disclosure of the ingredients of compounds required). *Carolene Products Co.* v. *Harter,* 329 Penn. St. 49, 119 A. L. R. 235 (filled milk must be marked "unfit for infants"). In the recent case of *Slome* v. *Chief of Police of Fitchburg,* 304 Mass. 187, a statute was held constitutional that required every dealer in motor fuel to advertise his prices on the pumps and not elsewhere on his premises.

In the opinion of a majority of the court the statutory requirement that one advertising a frame or mounting at a fixed price shall state that the price is for the frame or mounting only and does not include lenses, eye examination or professional services, falls within the principle of the cases just cited, and is a lawful exercise of the police power.

The prohibitions against "advertising lenses or complete eye glasses including lenses at a fixed price," and against advertisements laying "claim to a policy or continuing practice of generally underselling competitors," may be treated together. They may be sustained as measures in the interest of the public health, an unquestioned ground for the exercise of the police power. In *Roschen* v. *Ward,* 279 U. S. 337, a statute was held constitutional which forbade the sale of eyeglasses or lenses unless a licensed physician or optometrist should be in charge of and in attendance at the place in the store where they are sold. The plain implication of the decision is that the State has an interest in seeing that the eyesight of its citizens is not impaired by the use of eyeglasses or lenses unskilfully selected, even by themselves; and that, as the court below had declared (*D. S. Kresge Co.* v. *Ottinger,* 29 Fed. [2d] 762, 764), the sale of eyeglasses and lenses might be prohibited unless they should be selected and fitted by competent persons. The statute in that case did not actually go so far, but as Holmes, J., said (page 339), "A statute is not invalid under the Constitution because it might have gone farther than it did, or because it may not succeed in bringing about the result that it tends to produce." Judge A. N. Hand said in the court below (page 764), "To render an optometrist

available wherever eyeglasses are sold is certainly a long step toward correcting existing evils. . . . It seems to us that the inevitable tendency would be for customers to consult him. . . . If the effect of the new requirement should finally be to render the sale of a standardized product unprofitable, so that the customers in the end would not purchase it, but would have their eyes carefully tested and their glasses made according to special prescriptions, it cannot be said that the result might not on the whole be desirable."

G. L. c. 112, § 72, as amended by St. 1926, c. 321, § 2, forbade anyone not a licensed optometrist to sell "spectacles, eyeglasses or lenses for the purpose of correcting defective vision." In *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 150, although the facts showed some assistance by the defendant in determining the kind of eyeglasses required by the customer, it was said that the statute "deals with the sale to the individual of eyeglasses designed to correct his particular defects of vision," and that "it is within legislative competence to determine that scientific and trained adjustment of eyeglasses . . . will be likely to effect a more complete and healthful correction of poor eyesight than the untrained and unaided selection by the customer himself from a mass of eyeglasses." Apparently the court thought it competent for the Legislature to prohibit the business of affording such a selection. See *United States* v. *Carolene Products Co.* 304 U. S. 144.

The Legislature evidently was not prepared to prohibit the sale of eyeglasses and lenses as merchandise, to be selected by the buyer. But it was prepared to discourage it, by eliminating the temptation to and pressure upon customers that result from the assurance that no more than a named price will be charged, or that the price is less than competitors ask. As in *Roschen* v. *Ward*, 279 U. S. 337, that shorter step is consistent with the Constitution. It is not unlike the prohibition of the sale of drugs or medicinal compounds by itinerant vendors, sustained in *Baccus* v. *Louisiana*, 232 U. S. 334. There may well be reasons of public policy requiring the prohibition of advertising to sell mer-

chandise, the actual sale of which is not forbidden. *Commonwealth* v. *Clapp*, 5 Pick. 41. *Commonwealth* v. *Nutting*, 175 Mass. 154, affirmed *Nutting* v. *Massachusetts*, 183 U. S. 553. *Delamater* v. *South Dakota*, 205 U. S. 93. *Bothwell* v. *Buckbee, Mears Co.* 275 U. S. 274. *Packer Corp.* v. *Utah*, 285 U. S. 105. *State* v. *Hollinshead*, 77 Ore. 473. *State* v. *J. P. Bass Publishing Co.* 104 Maine, 288. The following cases tend to support our conclusion that these prohibitions are constitutional in their application to the advertising of the sale of lenses and complete eyeglasses. *Seifert* v. *Buhl Optical Co.* 276 Mich. 692, 698. *New Jersey State Board of Optometrists* v. *S. S. Kresge Co.* 113 N. J. L. 287, 294. *State* v. *Goodman*, 206 Minn. 203.

<div align="right">

*Exceptions overruled.*