By the Court.
 

 Defendants raise no question as to jurisdiction or venue, and it would seem plain from a perusal of Section 1081-18, General Code, that an action against the state Board of Barber Examiners to set aside, vacate or modify its decision need not necessarily be brought in the Court of Common Pleas of Franklin county. Section 1081-18, General Code, as a later specific enactment, creates an exception to Section 11271, General Code.
 

 The trade of barbering, operating as it does directly on the person of the customer, affects the health, com
 
 *636
 
 fort and safety of the public and may be regulated within reasonable limits by the legislative branch of the government under that power known as the police power, “conceded to reside in the people’s representatives, which is rightfully exercised by the regulation of the use of private property, or so restraining personal action, as to secure, or tend to the comfort, health, or protection of the community.”
 
 State
 
 v.
 
 Gardner,
 
 58 Ohio St., 599, 606, 51 N. E., 136, 65 Am. St. Rep., 785, 41 L. R. A., 689. See, also, 8 Ohio Jurisprudence, 334, Section 229; 11 American Jurisprudence, 972, Section 247.
 

 Therefore, those engaged in the occupation of barbering or those desiring to pursue that business may be examined as to their competency and fitness and are subject to supervision and control in the matters of cleanliness, sanitation, conduct, habits, infectious and contagious diseases, and things of that kind.
 

 The General Assembly of Ohio has spoken on the subject by enacting Section 1081-1
 
 et seq.,
 
 General Code, and has created the state Board of Barber Examiners to execute and administer such laws.
 

 However, legislation of this character must bear some discernible relationship to the public health or welfare, and the General Assembly cannot under the guise of its police power impose unreasonable, captious or arbitrary rules, having no recognizable connection therewith.
 

 How the mere advertising of the price of haircuts as done by the plaintiff could in any wise affect public health or welfare is difficult to understand.
 

 If this legislation, absolutely prohibiting the advertising of prices of barber services, were to be upheld, it would likewise be necessary to uphold legislation prohibiting the vendors of groceries, meats or other commodities from advertising prices thereof in any manner, the unreasonableness of which is at once apparent.
 

 This court is unanimously of the opinion that the
 
 *637
 
 particular legislation complained of in this case unduly interferes with the constitutional prerogatives of plaintiff as to freedom of action, speech and property rights. The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.