Bell, J.,
 

 dissenting. The importance of the question involved furnishes the controlling motive for briefly stating the reasons for my dissent.
 

 The defendant was charged in an affidavit with the violation of a penal ordinance of the city of Springfield, Ohio. The language of Section 2 of Ordinance No. 4217, involved in this case, is set forth in the majority opinion.
 

 The claimed evil sought to be corrected by this ordinance insofar as this case is concerned is the advertising of the price of lenses or complete eyeglasses including lenses. That is the charge made against the defendant in the affidavit.
 

 I can and do agree with the majority that this ordinance cannot be condemned upon the ground that it is in conflict with state law, and further that it does not violate the Fourteenth Amendment to the Constitution of the United States. It is my view that the municipality was without authority to pass this ordinance, that it is not a valid exercise of the police power, and is therefore void and unenforceable.
 

 
 *58
 
 In Ohio any storekeeper or street vendor may advertise for sale and sell eyeglasses with lenses as an ordinary item of merchandise, and bend the frames to fit the face, and in so doing does not violate the law of the state. See
 
 State, ex rel. Bricker, Atty. Genl., v. Buhl Optical Co.,
 
 131 Ohio St., 217, at page 224, 2 N. E. (2d), 601.
 

 That the care of the eyes has a direct relation to the public health is so obvious a fact that it cannot be denied and of course there can be little doubt that the General Assembly for the whole state or the legislative body of a municipality for that particular municipality has the power to prohibit (a) the sale of eyeglasses unless fitted by a competent person, (b) a retail sale of eyeglasses unless a licensed physician-optometrist is present, or (c) any one not a licensed optometrist from selling spectacles, eyeglasses or lenses for the purpo.se of correcting defective vision. If any such evil was sought to be corrected by the ordinance here in question there could be no valid question as to its constitutionality. Therefore the cases cited in the majority opinion upon propositions (a), (b) and (c) are of little weight as authorities in this case.
 

 In passing it should be pointed out that where the state has authorized the granting of a license to a person skilled in a particular line of endeavor such as law, medicine, chiropractic, optometry, etc., such licensees are subject to much more stringent regulation than those engaged in ordinary merchandising.
 

 Can the merchant be prohibited from advertising the price of his commodities? The answer is “no.”
 

 In the field of commerce or merchandising, price advertising is a substantial factor in competition which in turn is the life of trade.
 

 No case has been cited by the majority which-holds that where the subject of the legislation is an ordinary item of merchandise which any person may sell or of
 
 *59
 
 fer for sale, the advertising of the price may be lawfully prohibited.
 

 Upon the question of whether an ordinance prohibiting- the advertising- of prices of the very commodity here involved — eyeglasses—by persons specially licensed — opticians and optometrists — is constitutionally valid the authorities are in conflict.
 

 In
 
 Commonwealth
 
 v.
 
 Ferris,
 
 305 Mass., 233, 25 N. E. (2d), 378, such legislation was upheld and in
 
 State, ex rel. Booth,
 
 v.
 
 Beck Jewelry Enterprises, Inc.,
 
 220 Ind., 276, 41 N. E. (2d), 622, and in
 
 Ritholz
 
 v.
 
 City of Detroit,
 
 308 Mich., 258, 13 N. W. (2d), 283, such legislation was condemned as unconstitutional.
 

 In my judgment Ohio has taken its position on the side of those states which condemn such legislation.
 

 By virtue of the provisions of Section 1081-1
 
 et seq.,
 
 General Code, no person may engage in the practice of barbering without a certificate of registration issued by the State Board of Barber Examiners after examination by such board.
 

 In Section 1081-17, General Code, it is provided that the board may either refuse to issue or renew or suspend or revoke any certification of registration for any one or a combination of the following causes. Paragraph three thereof reads in part as follows:
 

 * *
 
 and advertising of prices of barber services in any form whatsoever by any person, persons, firm or corporation.”
 

 A Cincinnati barber advertised on the window of his shop “Haircutting Twenty-five Cents.” The Board of Barber Examiners took cognizance of the advertisement and suspended his license for 60 days, whereupon he appealed to the Common Pleas Court under Section 1081-18, General Code.
 

 That case reached this court under the caption
 
 Jones
 
 v.
 
 Bontempo et al., State Board of Barber Examiners,
 
 and is reported in 137 Ohio St., 634, 32 N. E. (2d), 17.
 

 
 *60
 
 In sustaining the holding of both lower courts wherein it was held that the quoted part of Section 1081-17, paragraph three, was 'unconstitutional, this court said:
 

 “How the mere advertising of the price of haircuts as done by the plaintiff could in any wise affect public health or welfare is difficult to understand.
 

 “If this legislation, absolutely prohibiting the advertising of prices of barber services, were to be upheld, it would likewise be necessary to, uphold legislation prohibiting the vendors of groceries, meats or other commodities from advertising prices thereof in' any manner, the unreasonableness of which is at once apparent.
 

 “This court is unanimously of the opinion that the particular legislation complained of in this case unduly interferes with the constitutional prerogatives of plaintiff as to freedom of action, speech and property rights.”
 

 I am unable to see how that conclusion can be reconciled with the present decision. A stronger case for upholding Section 1081-17 (3), General Code, was presented than is presented in the instant case.
 

 It is a general rule, fully recognized in this state, that legislative acts or municipal ordinances passed in pursuance of the police power, to be valid, must not be arbitrary, discriminatory, capricious or unreasonable and must bear a real and substantial relation to the public health, safety, morals or general welfare.
 

 Granting that the sale of eyeglasses with lenses does have a real and substantial relation to the public health, so long as the sale thereof is permitted as an ordinary item of merchandise by any one who may desire so to do the advertising of the price of such item has no real and substantial relation to the public health.
 

 Considerable space is devoted to a discussion of the
 
 *61
 
 question of “bait advertising.” No such question is' presented by this record.
 

 The judgment of the Court of Appeals should be reversed and that of the Municipal Court affirmed.
 

 Matthias and Hart, JJ., concur in the foregoing dissenting opinion.