## PRICE v. CITY OF LOUISVILLE.

Court of Appeals of Kentucky.

March 13, 1951.

Garner M. Petrie, Louisville, for appellant.

Gilbert Burnett, City Atty., Robert Meagher, Asst. City Atty., and Frank W. Burke, Asst. City Atty., all of Louisville, for appellee.

MOREMEN, Justice.

This proceeding was filed on an agreed statement pursuant to Section 637 of the Civil Code of Practice. Thomas G. Price, the city assessor, is appealing from a judgment upholding the validity of the tax assessment program of the City of Louisville.

KRS 91.310(1) provides: "The board of aldermen may annually provide by ordinance for the assessment of all real and personal property that is subject to city taxation, except such property as is required by law to be assessed by some other agency. Except as provided in KRS 91.620 to 91.680, the city assessor shall assess all such property at its fair cash value as of July 1 of each year."

Subsequent to the enactment of KRS 91.310(1), the legislature in 1942 enacted KRS 132.285 which, as amended in 1950, now reads in part:

"Any city may by ordinance elect to use the annual county assessment for property situated within such city as a basis of ad valorem tax levies ordered or approved by the legislative body of the city. In such event the assessment as finally determined for county tax purposes shall serve as a basis of all city levies for the first fiscal year commencing after the county assessment date. Notwithstanding any statutory provisions to the contrary, the assessment dates for such city shall conform to the corresponding dates for the county and such city may by ordinance establish additional financial and tax procedures that will enable it effectively to adopt the county assessment. The legislative body of any city adopting the county assessment may fix the time for levying the city tax rate, the fiscal year, due and delinquency dates for taxes and any other dates that will enable it effectively to adopt the county assessment, notwithstanding any statutory provisions to the contrary * *."

The assessment date for the assessment of Jefferson County taxes is January 1 of each year.

Pursuant to KRS 132.285, the City of Louisville enacted Ordinance 258, Series 1950, which adopted January 1 as the annual assessment date for personal property subject to ad valorem taxes, and adopted the annual assessment of the county assessor of Jefferson County as a basis for all city personal property taxes for the fiscal year 1951–52 and for each year thereafter. Section 2 of the Ordinance adopted January 1 as the annual assessment date for all real property subject to ad valorem taxes and adopted the annual assessment of the county assessor of Jefferson County as basis for all city real property taxes for the fiscal year 1952–53 and for each year thereafter. The ordinance further provided, however, that the provisions of Section 2 should not take effect until December 30, 1951, and that the city real property assessment date for the fiscal year 1951–52 should remain July 1, 1951.

The Chancellor found that, to the extent the provisions of KRS 91.310 are in conflict with the provisions of KRS 132.285 as amended, the former was impliedly repealed so as to authorize the assessment of property subject to taxation by the City on January 1 of each year. He also found that the adoption of different assessment dates for personal and real property for the fiscal year 1951–52 was not unauthorized.

We are of the opinion that, insofar as it provides for different assessment dates, KRS 132.285 forms an exception to KRS 91.310 when a city adopts the county assessment. We are likewise of the opinion that there is in the City's program of adopting the county assessment as to personal property beginning with the year 1951–52 and of adopting the county assessment as to real property beginning with the fiscal year 1952–53, nothing inconsistent with the broad powers conferred by KRS 132.285. This arrangement is necessary due to administrative difficulties and the need to take advantage of a re-assessment and re-appraisal of all real property in Jefferson County now in progress.

Judgment affirmed.