**ECONOMY OPTICAL CO., Inc., et al.,
Appellants,**

**v.**

**KENTUCKY BOARD OF OPTOMETRIC
EXAMINERS, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1958.

Fred M. Goldberg, Carl K. Helman, Raymond Sales, Louisville, for appellants.

Rufus Lisle, Harbison, Kessinger, Lisle & Bush, Lexington, Clay Shackelford, James E. Thompson, Shackelford & Burnam, Richmond, for appellees.

MONTGOMERY, Judge.

The ophthalmic dispensers, represented as a class by the Economy Optical Co., Inc., et al., have appealed from a judgment in favor of the Kentucky Board of Optometric Examiners, et al. It was held that the appellants were prohibited by statute from advertising by any means whatsoever the cost or price of visual aid glasses.

The statute involved is KRS 320.300, which, in part, is:

"It shall be unlawful and a violation of the provisions of this chapter for any person:

\* \* \* \* \* \*

"(3) To advertise by any means whatsoever, directly or indirectly, the cost or price of visual aid glasses; to offer such glasses at a discount or as a premium for the purchase of any article of merchandise; to advertise

any reference to or comparison of cost or price of visual aid glasses in any manner whatsoever, directly or indirectly; to advertise any type of visual care service as being superior to any other, or to advertise the terms of credit or payment for such glasses;"

The 1954 General Assembly passed two separate Acts concerning the human eye. Chapter 320 [c. 183], entitled "An Act providing for the regulation of the practice of optometry, * * *", is now KRS 320.200 et seq., and includes the quoted section. Chapter 326 [c. 27], entitled "An Act providing for the regulation of the practice of ophthalmic dispensing, * * *", is now KRS 326.010 et seq. Each Act defines the respective practice and provides for a regulatory body, for issuance of licenses, and for penalties. Neither Act is mentioned in the other although each became law on the same date. The appellants are retail vendors of visual aid glasses and have advertised the cost or price of the glasses. The action was submitted for a declaration of rights on the pleadings alone.

Appellants contend that they are governed only by the ophthalmic dispensers Act, that the optometry Act applies only to optometrists, and that the phrase "any person" used in the latter Act does not include ophthalmic dispensers. They also insist that the statute violates Sections 8 and 51 of the Kentucky Constitution.

■ The construction of the statute as urged by appellants would confine the operation of the Act to optometrists only, and would not include any other person or a corporation. The two Acts may be construed as dealing with the public health insofar as the human eye is concerned, and as such are pari materia.

■ The rule is that statutes in pari materia should be construed together and, if possible, should be construed so as to harmonize and give effect to provisions of each. This is especially true of two Acts passed at the same legislative session and which became effective on the same day. Vaughan v. Roberts, 192 Ky. 364, 233 S.W. 733; Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S.W. 690; City of Ashland v. Ashland Supply Co., 225 Ky. 123, 7 S.W.2d 833; Sumpter v. Burchett, 304 Ky. 858, 202 S.W.2d 735.

Appellants say that the pertinent section of the statute is headed "Unprofessional conduct" and deals only with the conduct of optometrists. The title of the optometry Act includes the phrase "prohibiting certain types of advertising by optometrists or other persons" which, obviously, was intended to apply to others as well as to optometrists. The phrase "any person" in KRS 320.300 is not restrictive and includes the conduct of all persons advertising the cost or sale price of visual aid glasses, regardless of whether the person is an optometrist, ophthalmic dispenser, or whatever his occupation or profession, if any, may be. By such a construction of the Act, the plain and obvious meaning would be given to the quoted phrases. The construction of the phrases sought by appellants would be limited and strained. The phrases would not bear their usual and ordinary meaning, which would be contrary to proper statutory construction. Inter-County Rural Electric Cooperative Corporation v. Reeves, 294 Ky. 458, 171 S.W.2d 978; Thompson v. Bracken County, Ky., 294 S.W.2d 943. Appellants rely on foreign authorities construing similar statutes or ordinances, each of which is distinguishable because of the failure to use phrases such as are in the Kentucky Act and its title.

■ The objection, made under Kentucky Constitution, Section 51, that the title of the Act relates to more than one subject is without merit. The Act and its title purport to regulate the practice of optometry and to prevent anyone from practicing the profession except in accordance with the Act. This is shown by the use of the phrases already quoted. In

Kindly Opticians, Inc., v. Michigan State Board of Examiners in Optometry, 291 Mich. 152, 289 N.W. 112, it was held that the title of the Act related only to optometrists. It is distinguishable from the present case wherein the title refers to "optometrists or other persons".

■ Further attack is made on the constitutionality of the Act on the ground that it is an encroachment on property rights and the right of free expression provided by Kentucky Constitution, Section 8. This section deals with liberty of speech and freedom of the press. Appellants contend that the Act is an unwarranted limitation on the freedom to express one's thoughts, including freedom to publish notice of a willingness to dispose of one's property and upon what terms. No authority is cited for this proposition. It is conceded that this freedom may be limited by a reasonable enactment in the interest of the public health or welfare.

The courts are divided on the constitutionality of such statutes. It has been held that provisions prohibiting such advertisements quoting prices are arbitrary and constitute an unreasonable restraint of a lawful business. Regal Oil Co. v. State, 123 N.J.L. 456, 10 A.2d 495; Sage-Allen Co. v. Wheeler, 119 Conn. 667, 179 A. 195, 98 A.L.R. 897; Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702; Kindly Opticians, Inc. v. Michigan State Board of Examiners of Optometry, 291 Mich. 152, 289 N.W. 112; Ritholz v. City of Detroit, 308 Mich. 258, 13 N.W.2d 283; State ex rel. Booth v. Beck Jewelry Enterprises, Inc., 220 Ind. 276, 41 N.E.2d 622, 141 A.L.R. 876. In Ritholz v. Johnson, 246 Wis. 442, 17 N.W.2d 590, the statute was upheld as to fraudulent or misleading advertisements.

In Ritholz v. Commonwealth, 184 Va. 339, 35 S.E.2d 210, 223, it was said:

"The better reasoned cases hold that restrictions and regulations of the sale of eyeglasses are measures direct-ed to the prevention of substantial harm to the public health and are within the exercise of the police power of the State."

In Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 466, 99 L.Ed. 563, it was held that an Oklahoma statute making it unlawful to solicit the sale of spectacles, eyeglasses, lenses, and prisms by the use of advertising media was valid as a matter relating to the public health and welfare. The court said:

"* * * We see no constitutional reason why a State may not treat all who deal with the human eye as members of a profession who should use no merchandising methods for obtaining customers."

In City of Springfield v. Hurst, 144 Ohio St. 49, 56 N.E.2d 185, 187, it was said that "The sale of eyeglasses by a retail vendor may be regulated if not prohibited altogether"; citing D. S. Kresge Co. v. Ottinger, D.C., 29 F.2d 762; Roschen v. Ward, 279 U.S. 337, 49 S.Ct. 336, 73 L.Ed. 722; Commonwealth v. S. S. Kresge Co., 267 Mass. 145, 166 N.E. 558; and Commonwealth v. Ferris, 305 Mass. 233, 25 N.E.2d 378.

The same constitutional objections have been denied in cases involving statutes regulating the practice of dentistry. Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086; Goe v. Gifford, 168 Va. 497, 191 S.E. 783. The question of constitutionality was not raised in a recent case in which the advertisement of prices for dental services was prohibited under a statute regulating the dental profession. Kentucky State Board of Dental Examiners v. Steely, Ky., 291 S.W.2d 823. Furnishing glasses affects the public health as much as furnishing artificial teeth. See Ritholz v. Johnson, 246 Wis. 442, 17 N.W. 2d 590; Ritholz v. Arkansas State Board of Optometrists, 206 Ark. 671, 177 S.W.2d 410; and Commonwealth v. Ferris, 305 Mass. 233, 25 N.E.2d 378.

Visual aid glasses may be deemed mere commodities or pieces of merchandise when considered in isolation. As such, they are relatively useless and unimportant, but when they are used as an aid to the human eye, visual aid glasses enter the field of health. No one questions the value of the eye and good vision. The protection necessary to safeguard them is just as important. The questioned section of the statute is a part of that protection and is valid as a reasonable and proper exercise of the police power in the interest of the public health.

Judgment affirmed.