James HALLAHAN, Clerk, Jefferson County Court, Appellant,

v.

Charles H. ANDERSON, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1971.

Cecil Davenport, Louisville, for appellant.

Ernest A. Jasmin, Louisville, for appellee.

DAVIS, Commissioner.

This is an appeal from a judgment of the trial court which mandatorily directed the county court clerk of Jefferson County to place upon the ballot for the election to be held November 2, 1971, the name of the appellee, Charles H. Anderson, as an independent candidate for the office of circuit judge, Criminal Branch, Third Division, 30th Judicial District of Kentucky.

Anderson was a candidate for the same office in the primary election held May 25, 1971, having cross-filed in the Democratic and Republican primaries. He was defeated in each of those contests.

On July 2, 1971, and again on August 23, 1971, Anderson tendered to the appellant county court clerk a petition in his behalf purportedly signed by a sufficient number of qualified voters of the district to authorize placing his name on the ballot as an independent candidate. KRS 118.080. The county court clerk declined to receive the petition, being of the view that it was tendered too late by reason of KRS 118.-130(3) which provides:

"Except as provided in subsection (4) of this section, petitions and certificates of nomination made under KRS 118.080 and 118.090, when required to be filed with the Secretary of State, shall be filed not less than fifty-five days before the day fixed by law for the holding of primary elections. When required to be filed with the county court clerk, they shall be filed not less than forty-five days

before the day fixed by law for holding of primary elections."

Each of the litigants has cited and discussed the recent decision of Mann v. Cornett, Ky., 445 S.W.2d 853, and Vaughan v. Roberts, 192 Ky. 364, 233 S.W. 733, which was discussed in the Mann opinion.

KRS 118.080 is the sole statutory basis for nomination of candidates by petition. When Vaughan v. Roberts was decided, then applicable Section 1453 of the Kentucky Statutes permitted filing of a petition for nomination *after* the primary. As noted above, KRS 118.130(3), which was enacted after the decision in Vaughan v. Roberts, now specifically directs and requires that petitions of nomination made under KRS 118.080 shall be filed not less than fifty-five days before the day fixed by law for the holding of primary elections (if such petition is required to be filed with the Secretary of State), and not less than forty-five days before the day fixed by law for holding of primary elections (when required to be filed with the county court clerk). This court is of the view that the mandate of KRS 118.130(3) is too plain to admit of any construction which would permit a candidate's name being placed on the ballot by petition unless the petition has been timely filed, as prescribed by that statute. So much is clearly implicit in Mann v. Cornett, as the question was presented there as to whether Mann's petition had been filed timely, fifty-five days before the primary. This court ruled that the petition was timely filed. It would have been unnecessary for the court to grapple with the timeliness question if, as contended by Anderson here, the petition could have been filed even after the primary.

The appellee contends that the appeal should be dismissed for failure to comply with the rules relating to taking appeal, but there is no merit in this contention since it appears that all appropriate steps in the premises have been taken.

Appellee also contends that the provisions of KRS 119.170 require the dismissal of the appeal, since that statute provides a summary procedure by which a candidate may require his name to be placed on the official *primary* ballot. That statute provides that the circuit judge may make an order in such a procedure which is conclusive and not subject to appeal. The statute is inapplicable here since the election in question is a general election, not a primary election.

Upon the authority of KRS 118.130(3) and Mann v. Cornett, considered in light of Vaughan v. Roberts, it appears that the judgment of the circuit court was erroneous.

The judgment is reversed for entry of a new judgment consistent with the opinion.

All concur.