RENDERED: MARCH 20, 2008
TO BE PUBLISHED

# Supreme Court of Kentucky



2005-SC-000759-DG
and
2006-SC-000371-DG

ERIC P. LIGHT, ETC., ET AL.　　　　　APPELLANTS/CROSS-APPELLEES


ON REVIEW FROM COURT OF APPEALS
V.　　　CASE NUMBERS 2004-CA-000101 AND 2004-CA-000177
JEFFERSON CIRCUIT COURT NO. 00-CI-001660


CITY OF LOUISVILLE,　　　　　APPELLEES/CROSS-APPELLANTS
KENTUCKY, ET AL.


**OPINION OF THE COURT BY SPECIAL JUSTICE JAMES E. PARSONS**

**<u>AFFIRMING</u>**

The Appellants/Cross-Appellees, Eric P. Light and Connie Light, hereinafter referred to as the "Lights", on behalf of themselves and as representatives of a class of taxpayers within the City of Louisville, have appealed from an adverse decision of the Court of Appeals, which affirmed the judgment of the Jefferson Circuit Court, dismissing their claims that the Appellee/Cross Appellant, City of Louisville, Kentucky, hereinafter referred to as the "City", set ad valorem tax rates for the years 1998 and 1999 in excess of the amount permitted by law.

The salient facts that gave rise to this action are not in dispute. The City has elected to use the Jefferson County property assessment for purposes of establishing the City's ad valorem tax rates pursuant to the provisions of KRS 132.285. In 1998 and

1999, the City established its ad valorem tax rates at the four percent (4%) increase rate permitted by KRS 132.027, which rates were in excess of the compensating tax rates as defined by KRS 132.010(6). It is not disputed that the City published the public notices required by KRS 132.027 to establish the four percent (4%) increase tax rate for each year in question. However, the ordinances adopting the tax rates for 1998 and 1999 were each adopted more than forty-five (45) days after the Kentucky Department of Revenue had certified the property tax rolls for Jefferson County, Kentucky, for those years.[1]

The Lights filed suit claiming that because the City adopted its rates for 1998 and 1999 more than forty-five (45) days after the property tax rolls were certified, the City was limited to the compensating tax rate for those years based on the provisions of KRS 132.0225.[2] They sought a declaration that the tax rates in 1998 and 1999 were set higher than permitted and for class refunds for the taxes they and others similarly situated, paid in excess of the compensating tax rate for each year.

In response, the City argued that KRS 132.0225 did not apply to it, because cities that adopt the county's assessment, pursuant to KRS 132.285 are granted the authority to set the time for establishing their ad valorem property tax rates notwithstanding the provisions of any other statute.

In its ruling on cross motions for summary judgment, the Jefferson Circuit Court held that while the City is a local taxing district, within the meaning of KRS 132.0225,

---

[1] The county property tax roll for 1998 was certified on August 11, 1998, and the ordinance setting the tax rate for that year was signed October 19, 1998. In 1999 the county's tax roll was certified on August 13, 1999, and the city ordinance setting the tax rates was signed October 4, 1999.

[2] KRS 132.0225 provides in part that all local taxing districts must set their tax rates within 45 days of the property tax rolls for the county being certified by the Revenue Cabinet or be limited to the compensating tax rate for that year.

2

KRS 132.285, which granted to the City the authority to "fix the time for levying the city tax rate," was the more specific statute of the two statutes and its provisions controlled, based upon a primary rule of statutory construction that when two statutes are in conflict, the more specific statute controls the general. The trial court dismissed the Lights' complaint and held that the City did not set its rates in 1998 and 1999 in excess of the rates permitted by law.

The Court of Appeals affirmed the decision of the Jefferson Circuit Court, but for slightly different reasons. The Court of Appeals found KRS 132.0225 to be ambiguous and based upon consideration of the legislative history of the statute and the provisions of KRS 132.285, concluded that KRS 132.0225 did not apply to those cities that mailed their own tax bills, separate from the county bills. The Court reasoned that based on the legislative history and other evidence in the record, the purpose of KRS 132.0225 was to ensure that taxing districts using the county tax bill did not delay the issuance of the county tax bill by failing to set their rates timely. Since the City mailed its tax bill separate from the county bill, the setting of the City rate could not impact or delay the preparation of the county tax bill. Accordingly, the Court of Appeals ruled that KRS 132.0225 did not apply to cities that prepared their own tax bills, including the City, separate from the county tax bill.

The Lights in their appeal from the Court of Appeals make several arguments, including that the City is a taxing district pursuant to KRS 132.0225; that KRS 132.0225 is clear and unambiguous and, therefore, it was improper for the Court of Appeals to consider legislative history and other evidence to interpret the statute; that there is no conflict between KRS 132.0225 and KRS 132.285, since KRS 132.285 simply allows a city to adopt the county assessment; that the statutory interpretation given KRS 132.285

3

by the Court of Appeals would invalidate the "rollback" requirements applicable to the establishment of property tax rates; and that the taxpayers in Louisville are entitled to class refunds, based upon statutory and/or common law, for the taxes paid in 1998 and 1999 in excess of the compensating tax rates.

We agree with the Lights and with the position adopted by the trial court, that the provisions of KRS 132.0225 are clear and there is no need to consider legislative history to determine its meaning. Lincoln County Fiscal Court v. Department of Public Advocacy, 794 S.W.2d 162 (Ky. 1990). In Lincoln County we wrote:

> Where the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given effect as written. *Griffin v. City of Bowling Green,* Ky., 458 S.W.2d 456 (1970). An unambiguous statute must be applied without resort to any outside aids. *Delta Airlines v. Commonwealth of Kentucky, Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985).

Id. at 164.

In the case at hand, the pertinent provisions of KRS 132.0225(1) provide:

> A taxing district that does not elect to attempt to set a rate that will produce more than four percent (4%) in additional revenue, exclusive of revenue from new property as defined in KRS 132.010, over the amount of revenue produced by the compensating rate as defined in KRS 132.010 shall establish a final rate within forty-five (45) days of the department's certification of the county's property tax roll. Any taxing district that fails to meet this deadline shall be required to use the compensating tax rate for that year.

The statute establishes no exceptions to the term taxing district; nor does it provide that the statute only applies to taxing districts that utilize the county tax bill. Thus, we agree with the Lights that interpreting the statute to not apply to cities that mail their tax bills separate from the county tax bill, as was done by the Court of Appeals, was inappropriate. City of Covington v. Kenton County, 149 S.W.3d 358 (Ky. 2004). Such an interpretation adds an exception to the statute that the General Assembly did not

4

create. As we noted in the <u>City of Covington</u> case at 362, quoting from <u>Beckham v. Board of Education of Jefferson County</u>, 873 S.W.2d 575, 577 (Ky. 1994), when interpreting a statute, "Our duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor to discover a meaning not reasonably ascertainable from the language used." Based on this established standard for judicial review of a statute, under the plain reading of KRS 132.0225, the City is a taxing district within the meaning of the statute.

However, that does not end our inquiry. Pursuant to the provisions of KRS 132.285, a city that has elected to adopt the county assessment for purposes of setting its ad valorem tax rates is granted broad powers regarding the procedures for setting applicable tax rates, notwithstanding any other statutory procedures to the contrary. <u>Price v. City of Louisville</u>, 237 S.W.2d 840 (Ky. 1951). KRS 132.285 provides in pertinent part that "[T]he legislative body of any city adopting the county assessment may <u>fix the time for levying the city tax rate</u>, fiscal year, due and delinquency dates for taxes and any other dates that will enable it effectively to adopt the county assessment, <u>notwithstanding any statutory provisions to the contrary</u>" [emphasis added].

Therefore, even though KRS 132.0225 requires all taxing districts to levy their tax rates within forty-five (45) days, cities that have elected to adopt the county's assessment, which include the City of Louisville, are empowered to fix the time for levying their tax rates, notwithstanding any other statutory provisions to the contrary by KRS 132.285. The Lights argue that there is no conflict between the two statutes, contending that KRS 132.285 only allows a city to fix only those dates necessary to adopt the county assessment. We disagree. The authority granted to cities by KRS

5

132.285, including the right to "fix the time for levying the city tax rate" would be seriously undercut by the mandate imposed by KRS 132.0225 requiring the tax rate be set within forty-five (45) days of the certification of the county tax roll.

Since we have two statutes whose provisions are in conflict, the conflict must be resolved under the doctrine of *in paria materia*. Economy Optical Co. v. Kentucky Board of Optometric Examiners, 310 S.W.2d 783 (Ky. 1958). It is incumbent upon courts to resolve the conflict between the two statutes so as to give effect to both. Id. In harmonizing the conflict between two statutes that relate to the same subject, Kentucky follows the rule of statutory construction that the more specific statute controls over the more general statute. Withers v. University of Kentucky, 939 S.W. 2d 340 (Ky. 1997); City of Bowling Green v. Board of Education of Bowling Green Independent School District, 443 S.W.2d 243 (Ky. 1969).

Applying this principle to the case at hand, we agree with the opinion of the trial court and note that KRS 132.0225 applies generally to all taxing districts, while KRS 132.285 applies specifically to cities that have elected to adopt the county assessment for purposes of levying their ad valorem tax rates. We find KRS 132.285 to be the more specific of the two statutes and, under the rule of statutory construction articulated above, controls over KRS 132.0225. KRS 132.285 specifically grants to cities that adopt the county assessment broad powers regarding the procedures for setting the tax rates and implementing the county assessment, including the authority to set the time for establishment of the applicable tax rate. The specific wording of KRS 132.285 provides that the grant of authority to cities electing to adopt the county assessment is granted notwithstanding any other statutory provision to the contrary, which includes the mandate of KRS 132.0225 to set the tax rate with forty-five (45) days of the certification

6

of the county tax roll. Since we are of the opinion that KRS 132.285 controls over the more general provision of KRS 132.0225, we agree with the result reached by the Court of Appeals and the Jefferson Circuit Court that the City did not set its 1998 and 1999 ad valorem tax rates in excess of that allowed by statute.

Further, we disagree with the assertions of the Lights that interpreting KRS 132.285 to control over the provisions of KRS 132.0225, for cities that adopt the county assessment, negates the provisions of the "rollback" provisions set forth in other sections of KRS Chapter 132. While we find KRS 132.285 to be a broad grant of authority to establish procedures for the collection of ad valorem taxes and the adoption of the county assessment, nothing in that statute can be construed to exempt cities that use the county assessment from the provisions of KRS Chapter 132 on calculating and setting the actual rates of taxation. Indeed, in this case, the record shows that the City complied with the public notice requirements provided by KRS 132.027 when it set rates for 1998 and 1999 in excess of the compensating tax rates for those years.

Since we hold that the City did not set its 1998 and 1999 ad valorem tax rates in excess of the rates permitted by statute, there is no need to consider the Lights' other arguments regarding their right to statutory and/or common law class refunds for excess taxes paid.

For the foregoing reasons, we affirm the decisions of the Courts below.

Lambert, C.J., Cunningham, Minton, Noble and Scott, JJ. and Special Justice Victor B. Maddox, sitting. All concur. Abramson and Schroder, JJ., not sitting.

COUNSEL FOR APPELLANTS/CROSS-APPELLEES:

Honorable Timothy J. Eifler
Honorable Deborah T. Eversole
Honorable Walter L. Sales
Stoll Keenon Ogden, PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY. 40202-2828


COUNSEL FOR APPELLEES/CROSS-APPELLANTS:

Honorable Thomas J. Luber
Honorable Sara Christine Veeneman
Honorable Mitzi D. Wyrick
Wyatt,Tarrant & Combs, LLP.
500 West Jefferson Street
Suite 2800
Louisville, KY. 40202-2898